431 A.2d 897

COMMONWEALTH of Pennsylvania, Appellee,

v.

Andre SHAW, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 22, 1981.*

Decided July 2, 1981.

* This case was assigned to the writer on March 2, 1981.

Isadore A. Shrager (Court-appointed), Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Eric Henson, Asst. Dist. Atty., for appellee.

## OPINION

LARSEN, Justice.

In 1972, Maxie DuBose was shot and killed during a robbery at the Jamaica Inn in Philadelphia. In his first trial before a jury for his participation in the robbery and shooting, appellant Andre Shaw was convicted of murder of the first degree, aggravated robbery and burglary. On direct appeal, this Court reversed appellant's judgments of sentence and awarded him a new trial, holding that appellant's arrest was illegal and that the lower court had erred in admitting certain physical evidence which was obtained through the exploitation of that illegal arrest. *Commonwealth v. Shaw*, 476 Pa. 543, 383 A.2d 496 (1978). Prior to retrial, the lower court suppressed appellant's confession because it was found to be the product of his illegal arrest. In his second trial before a jury, appellant was convicted of murder of the second degree and aggravated robbery, and was sentenced to two consecutive terms of imprisonment of ten to twenty years each. This direct appeal followed.

At appellant's second trial, the Commonwealth called Nathaniel Miller to testify concerning the robbery and shooting at the Jamaica Inn. Miller, a/k/a Abu-Ibn Hanifah Bey, was arrested and charged along with appellant for his participation in the robbery and shooting, and his separate trial resulted in convictions for murder of the second degree, aggravated robbery and burglary. On appeal, this Court reversed the judgments of sentence and ordered a new trial on the grounds that Miller's confession was the product of unnecessary pre-arraignment delay and was admitted into evidence in violation of Rule 118 (now Rule 130), Pa.R. Crim.P. and this Court's decision in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). *Commonwealth v. Abu-Ibn Hanifah Bey*, 462 Pa. 533, 341 A.2d 907 (1975). The Commonwealth subsequently nolle prossed the charges against Miller and advised him by letter that he would never be reprosecuted.

Prior to and during the course of Miller's testimony at appellant's second trial, the prosecutor presented Miller with his signed written confession for the purpose of refreshing Miller's memory. Although Miller looked at his confession at least five times during his testimony and each time stated that the confession had refreshed his memory, he was still "unable" to recall whether he and appellant were accompanied by a third man at the Jamaica Inn; where appellant went once inside the bar; whether appellant accompanied him when he left the bar just before the robbery; whether appellant was with him when he reentered the bar just before the robbery; what happened inside the bar during the robbery; who had the shotgun; who fired the shot that killed Mr. DuBose; and who accompanied him when he left the bar after the robbery and shooting. The answers to all these questions were contained in Miller's confession. When asked where he was at the time of his arrest, Miller's initial response was that the answer was in his confession. Finally, when the trial judge sought to ascertain whether Miller had an independent recollection of the incident, Miller's answer to two more inquiries was to the effect that he had already

testified to everything he could remember, and three further responses were to the effect that he could only offer additional information by actually reading from his confession.

At this point, the Commonwealth requested permission to read Miller's confession into evidence. Following extended argument in chambers, the court granted this request, holding that Miller's confession was admissible as a prior inconsistent statement and that it could be considered as substantive evidence under the reasoning of Mr. Justice Roberts' dissent in *Commonwealth v. Gee*, 467 Pa. 123, 354 A.2d 875 (1976). The prosecutor then read Miller's entire confession to the jury.

■ Appellant now challenges the lower court's ruling which admitted Miller's confession. Appellant first contends that the confession was inadmissible because it was hearsay not subject to any hearsay exception. We conclude that Miller's confession was properly admitted. However, our reasoning differs from that of the trial court, as we find that Miller's confession was admissible under the past recollection recorded exception to the hearsay rule.[1]

■ In order for the content of a writing to be admissible as past recollection recorded, the record must show that four requirements are met:

1) the witness must have had firsthand knowledge of the event; 2) the written statement must be an original memorandum made at or near the time of the event and while the witness had a clear and accurate memory of it; 3) the witness must lack a present recollection of the event; and 4) the witness must vouch for the accuracy of the written memorandum.

*Commonwealth v. Cooley*, 484 Pa. 14, 21, 398 A.2d 637, 641 (1979) (citation omitted).

■ The record in this case clearly establishes three of these requirements: 1) Miller's confession was based entirely

1. "We may, of course, affirm the decision of the trial court if the result is correct on any ground without regard to the grounds which the trial court itself relied upon." *E.J. McAleer & Co., Inc. v. Iceland Products*, 475 Pa. 610, 613 n.4, 381 A.2d 441, 443 n.4 (1977).

upon his firsthand knowledge of the robbery and shooting; 2) the confession was made less than twenty-four hours after the incident at the Jamaica Inn; and 4) Miller twice admitted on direct examination that he had told the truth when he confessed. The only remaining requirement—number 3 above—is that Miller must have lacked a present recollection of the event. By lack of present recollection, we mean that the witness must lack *"sufficient* present recollection to enable [him] to testify fully and accurately." McCormick, Law of Evidence § 302 (2d ed. 1972) (emphasis added). With respect to this requirement, we do not regard Miller's contrary affirmations as dispositive. In fact, Miller's acknowledgments that his memory had been refreshed were belied by his behavior on the witness stand—by his repeated inability to remember relevant facts and by his constant references to the existence of his confession as a substitute for substantive responses. Furthermore, the fact that Miller's lack of recall may have been the product of a "selective memory"—a conscious desire to withhold certain information—is not a bar to the establishment of this requirement. *See United States v. Williams,* 571 F.2d 344 (6th Cir.), *cert. denied,* 439 U.S. 841, 99 S.Ct. 131, 58 L.Ed.2d 139 (1978).[2] We therefore conclude that the record also establishes that Miller lacked sufficient present recollection to enable him to testify fully and accurately and thus, that his written confession was admissible as past recollection recorded.

Appellant secondly contends that the lower court's decision to admit Miller's confession into evidence violated his rights under the Fourth and Fourteenth Amendments of the

**2.** In *Williams,* the Court of Appeals for the Sixth Circuit stated: "Regardless of whether [the witness' 'selective memory'] was a deliberate act born of his friendship with the defendant, it is clear that Ball [the witness] was claiming no recollection of certain features of his conversations with Williams [the defendant] which had been included in the statement that he had previously adopted. Once it was established that Ball's in-court testimony would be incomplete because of his insufficient recollection, the statement which he had adopted when the events were fresh in his mind, and which he repeatedly testified was accurate, became admissible under Rule 803(5) [of the Federal Rules of Evidence]." 571 F.2d at 349.

United States Constitution because Miller's confession was the fruit of appellant's unlawful arrest.[3] Appellant argues that Miller's statement was the final link in that chain of events commencing with appellant's unlawful arrest, the unlawful seizure of physical evidence from appellant, and appellant's confession implicating Miller as a participant in the robbery and shooting.

█ The United States Supreme Court has held that not all evidence

> is "fruit of the poisonous tree" simply because it would not have come to light *but for* the illegal actions of the police. Rather, the more apt question in such a case is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."

*Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963) (emphasis added, citation omitted). In other words, the inquiry is whether a confession "was sufficiently an act of free will to purge the primary taint of the unlawful invasion." *Id.* at 486, 83 S.Ct. at 416.

█ The above-quoted language indicates that a defendant's exercise of his *own* free will in confessing will render his confession admissible, despite the fact that the confession would not have been obtained but for the defendant's illegal arrest. *See, e. g., Commonwealth v. Bogan,* 482 Pa. 151, 158, 393 A.2d 424, 427 (1978) (defendant's confession admissible after his illegal arrest because it was prompted by notification that he matched police description of assailant rather than by exploitation of his illegal arrest); *Commonwealth v. Fogan,* 449 Pa. 552, 557, 296 A.2d 755, 758 (1972) (defendant's confession admissible after his illegal arrest because

**3.** Appellant also asserts, without *any* explanation that the admission of Miller's confession violated his rights under the Fifth Amendment of the United States Constitution. Since appellant's brief fails to elaborate upon this mere assertion, this claim has been waived. *See Commonwealth v. Colbert,* 476 Pa. 531, 534 n.1, 383 A.2d 490, 491 n.1 (1978) (opinion in support of affirmance).

incriminating statements were influenced by "finger of guilt pointed at him by his fellow gang member" and not by exploitation of the initial illegality).

Clearly, then, if the confession at issue is the product of the free will of an individual *other than* the defendant, that individual's confession will be admissible against the defendant despite the illegality of the defendant's arrest and despite the fact that the confession would not have been obtained but for that illegal arrest.

In this case, Miller's confession was the product of his own free will and not the result of an exploitation of appellant's unlawful arrest.[4] The single apparent motivation for Miller's confession was appellant's confession implicating him.[5] Even after learning of appellant's confession, Miller remained free to deny the charges contained in the confession, just as he had repeatedly denied the charges made by the police, and to put the Commonwealth to its proof. Yet Miller chose to confess, as did the defendants in *Bogan* and *Fogan*. We thus conclude that appellant's rights under the Fourth and Fourteenth Amendments were not violated by the admission of Miller's confession.

Appellant finally contends that his constitutional right to be confronted with the witnesses against him was violated by the lower court's admission of Miller's confession, first,

4. Whether or not Miller's confession would have been suppressed at his own trial were it found to be involuntary or the fruit of his own unlawful arrest is irrelevant here. Likewise, any coercive quality inherent in Miller's arrest, if that arrest was in fact unlawful, *see Commonwealth v. Yocham,* 473 Pa. 445, 375 A.2d 325 (1977), is also irrelevant. "[A] court may not exclude evidence under the Fourth Amendment unless it finds that an unlawful search or seizure violated the *defendant's own* constitutional rights." *United States v. Payner,* 447 U.S. 727, 100 S.Ct. 2439, 2444, 65 L.Ed.2d 468 (1980) (emphasis added).

5. Miller was questioned at various intervals over a five hour period following his arrest, during which time he repeatedly denied any knowledge of, or involvement in, the robbery and shooting. It was not until Miller had been confronted with appellant's confession that he admitted participating in the incident at the Jamaica Inn. *Commonwealth v. Abu-Ibn Hanifah Bey, supra,* 462 Pa. at 536, 341 A.2d at 908.

because of "the trial court's ruling that the statement could be simply read to the jury in lieu of cross-examination", and second, because that confession did not possess any "indicia of reliability".

Appellant's first argument is based upon a plain misstatement of the events at his trial. In this case, Miller was on the stand as a witness for the Commonwealth. Before he was excused, the trial judge stated: "Mr. O'Donnell [appellant's counsel] does have the right to cross-examine which cannot be foreclosed." Appellant's counsel nevertheless chose not to cross-examine Miller.[6] Appellant's argument in this regard is, therefore, without merit.

Appellant's second argument, that Miller's confession possessed no indicia of reliability, is equally meritless, in view of the fact that Miller twice affirmed on direct examination that the confession was his and that he had told the truth when he confessed.

The judgment of sentence is affirmed.

NIX, J., concurred in the result.

6. Before Miller was excused from the stand, appellant's counsel stated that he had no questions for the witness; after Miller's confession was read to the jury, appellant's counsel simply moved for a mistrial without requesting any opportunity to cross-examine Miller on his statement.