444 A.2d 639

**COMMONWEALTH of Pennsylvania**

**v.**

**Kevin CARGO a/k/a Kevin Davis, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 23, 1981.

Decided April 23, 1982.

6

James J. DeMarco, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Sarah Vandenbraak, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

This is a direct appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia. Appellant, Kevin Cargo, was convicted in a non-jury trial of murder of the first degree[1] and possession of an instrument of crime,[2] and sentenced to life imprisonment and a consecutive sentence of two and one-half to five years. We affirm.

1. 18 Pa.C.S. § 2502(a).

2. 18 Pa.C.S. § 907.

8

The evidence presented by the Commonwealth established the following.[3] At approximately four a. m. on May 8, 1977, appellant was sitting in a taxicab he had stolen the previous evening, waiting for the victim, Gerald Kramer, appellant's former employer, outside Kramer's store at 17th Street and Belfield Avenue in Philadelphia. When Kramer left his store, appellant shot him twice from inside the cab with a twelve-gauge sawed-off shotgun, causing Kramer's death. Appellant left Philadelphia the next day, spending the next several months in North Carolina, Georgia and Virginia. He returned to Philadelphia on September 9, 1977, and was arrested in his mother's home on outstanding warrants for Kramer's murder and the earlier robbery of Kramer's store, as well as for a second, unrelated murder,[4] on September 10, 1977. Appellant gave statements to the police confessing to both murders at that time.

Trial counsel filed a timely post-verdict motion, seeking arrest of judgment and a new trial, in which he asserted that the verdict was against the weight of the evidence, that appellant's confession was fabricated by the police and his signature thereon obtained by coercion, and that a prior statement made to the police by a Commonwealth witness was impermissibly read into the record by the detective who recorded the statement. The motion was denied. New counsel entered his appearance at the post-verdict stage and was granted leave to file post-verdict motions *nunc pro tunc*. No written post-verdict motion was subsequently filed. New counsel did, however, submit a brief, styled as a "Brief

**3.** Appellant's confession was ruled admissible by a suppression court. That determination has not been challenged on appeal. *See* footnote 4, *infra*.

**4.** Appellant unsuccessfully challenged on appeal the validity of his confession to the other murder after being convicted of first degree murder on that charge. *Commonwealth v. Kevin Davis a/k/a Kevin Cargo*, 491 Pa. 363, 421 A.2d 179 (1980). He had argued that the confession was fabricated by the police, who then forced him to sign the statement. Appellant moved to suppress his confession to the instant murder on similar grounds. After a hearing on December 17, 1977, this motion was denied. This claim, although properly preserved by trial counsel, has been abandoned.

in Support of Defendant's Post Trial Motions," to the trial judge. This brief was not included in the record certified to this Court.[5] The record shows that new counsel requested that the post-verdict court incorporate his brief into the record in lieu of oral argument.[6] The post-verdict court did not address this request; it did indicate that it had read the brief, and denied the relief requested therein. N.T. June 13, 1978 at 2–3. Appellant was sentenced on September 15, 1978. This direct appeal followed.[7]

5. Such a brief is submitted directly to the trial court, rather than filed with the clerk. Thus, it is not among the documents the clerk certifies in the record. This Court was alerted to the existence of the brief by a reference thereto in the Commonwealth's appellate brief. The District Attorney's Office furnished us with its copy at our request.

6. Pa.R.Crim.P. 1123(b) was *not* invoked. N.T. January 31, 1978 at 113.

7. Pursuant to Pa.R.A.P. 1925(b), the trial court requested a Statement of Matters Complained of On Appeal. The Statement was apparently submitted to the court but not properly filed. The trial court's resulting opinion, filed December 12, 1979, indicates the following:

"In response to this Court's request for a Statement of Matters Complained of On Appeal, defendant assigns the following errors: [1] the introduction of evidence that defendant may have been guilty of prior crimes; [2] the improper admission of certain opinion evidence elicited by defense counsel from a police officer; [3] the admission of a written statement which the testifying witness denied making; [4] the allowing into evidence of defendant's statement; and [5] the insufficiency of the evidence in that defendant was not identified by any eyewitness, there was no evidence of a willful and premeditated killing, no lying in wait was proven, no *intent to kill was proven, and no motive for the* homicide was proven."

*Commonwealth v. Kevin Cargo a/k/a Kevin Davis,* Nos. 634–636, October Term 1977 (C.C.P. Phila., filed Dec. 12, 1979), slip op. at 2.

Claim [3] was raised in trial counsel's motion in arrest of judgment, and is argued in appellant's brief to this Court. It has been preserved for our review. Claims [1], [2] and [3] are also included in the brief submitted to the post-verdict court, discussed below. Claims [4] and [5] have been abandoned.

Evidence that appellant's new counsel submitted a statement in compliance with Pa.R.A.P. 1925(b) is not sufficient to preserve a claim of error for appellate review. Pa.R.A.P. 1925(b) in no way relieves defense counsel of the requirement of Pa.R.Crim.P. 1123(a) that written post-verdict motions must be filed. *See Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

■ Appellant argues first that it was prejudicial error for the trial court to admit as substantive evidence the prior written statement of a Commonwealth witness who, at trial, denied any present recollection of the events about which he was asked to testify. The statement established that the witness had seen appellant in a yellow cab on the evening preceding Kramer's murder. Appellant contends that the Commonwealth failed to lay a proper foundation for the admission of that statement. We are convinced that the trial court properly admitted the statement under the past recollection recorded exception to the hearsay rule in light of the foundation laid by the Commonwealth.

The witness, Santos Thornton, a sixteen year old boy, testified initially that he did not remember hearing of Kramer's murder or being interviewed by a police detective on the morning following the murder.[8] The Commonwealth pleaded surprise, but later withdrew that plea, attempting instead to lay a foundation for the admission of Thornton's prior statement as past recollection recorded. This Court set forth the requisite elements of such a foundation in *Commonwealth v. Cooley*, 484 Pa. 14, 21–22, 398 A.2d 637, 641 (1979):

"Before the content of a writing becomes admissible under that exception, the proponent must lay a foundation to show that four requirements are met: '1) the witness must have had firsthand knowledge of the event; 2) the written statement must be an original memorandum made at or near the time of the event and while the witness had a clear and accurate memory of it; 3) the witness must lack a present recollection of the event, and 4) the witness must vouch for the accuracy of the written memorandum.' McCormick, Evidence § 299 at p. 712 (2d Ed. 1972). *See Miller v. Exeter Borough*, 366 Pa. 336, 342, 77 A.2d 395, 399 (1951); *Christian Moerlein Brewing Co. v. Rusch*, 272 Pa. 181, 187, 116 A. 145, 147 (1922)."

8. Thornton was initially reluctant to testify in open court. A bench warrant, which proved unnecessary, had been issued to ensure his appearance.

*Commonwealth v. Shaw,* 494 Pa. 364, 431 A.2d 897 (1981). *See Commonwealth v. Canales,* 454 Pa. 422, 426, 311 A.2d 572, 574 (1973); *Commonwealth v. Butts,* 204 Pa.Super. 302, 309–310, 204 A.2d 481, 485–486 (1964) (*allocatur denied*); 1 Henry, *Pa. Evidence* § 460.5 (Supp.1978); McCormick, *Evidence* §§ 300–303 (2d ed. Cleary 1972); 2 Wharton, *Crim. Evidence* § 417 (13th ed. Torcia 1972 & Supp.1981); 3 Wigmore, *Evidence* §§ 736, 744–748 (Chadbourn rev. 1970 & Supp.1981); Fed.R.Evid. 803(5), 28 U.S.C.A.; Model Code of Evidence, rule 504 (1942); Uniform Rule of Evidence 803(5).

The trial court explained its basis for admitting Thornton's statement in its opinion:

"Defendant next asserts as error the admission of a signed statement of Santos Thornton which Mr. Thornton gave to Detective Robert Kane on May 9, 1977. Detective Kane read one question and answer from the statement after Mr. Thornton indicated that he had no independent recollection of the incident in question, and the District Attorney's attempt to refresh his recollection had failed. Since Mr. Thornton indicated he was on the steps at the time of his observation (N.T. 3.9), recalled giving a statement to a police officer (N.T. 3.14), told the police officer the truth (N.T. 3.15), and identified his signature on each page of the statement (N.T. 3.12), this Court admitted Mr. Thornton's statement under the past recollection recorded exception to the hearsay rule. Although trial counsel asserted that defendant [*sic*; should read 'Mr. Thornton'] on cross-examination and occasionally on direct denied any personal knowledge of the facts in the statement, the above cited portions of his testimony indicate that he testified both ways on at least some of the questions by which the Commonwealth laid its foundation, and it is, of course, up to the fact finder to believe some, all, or none of a witness's testimony. *Commonwealth v. Lopez,* 455 Pa. 353 [318 A.2d 334] (1974)."

*Commonwealth v. Cargo, supra,* 498 Pa. 5, 9 n. 7 at 4.

It is clear from the record that the first and second requirements of *Cooley, supra,* that the witness have "first-

hand knowledge of the event," and that the "written statement [be] made at or near the time of the event and while the witness had a clear and accurate memory of it," have been satisfied. The fourth requirement, that "the witness must vouch for the accuracy of the written memorandum," has been met in spite of Thornton's conflicting testimony. Thornton identified his signature on the statement, stated that he told the police the truth, and recalled making and signing the statement. We are satisfied that the trial court properly resolved any inconsistencies and believed only that portion of the witness' testimony which tended to show that he adopted the statement. *Commonwealth v. Duncan*, 473 Pa. 62, 68, 373 A.2d 1051, 1053–1054 (1977).

■ *Cooley's* third requirement, that "the witness must lack a present recollection of the event," becomes problematic in the instant circumstances. In *Commonwealth v. Shaw, supra*, this Court stated:

"... By lack of present recollection, we mean that the witness must lack 'sufficient present recollection to enable [him] to testify fully and accurately.' McCormick, Law of Evidence § 302 (2d ed. 1972) (emphasis added). *With respect to this requirement, we do not regard Miller's contrary affirmations as dispositive.* In fact, Miller's acknowledgments that his memory had been refreshed were belied by his behavior on the witness stand—by his repeated inability to remember relevant facts and by his constant references to the existence of his confession as a substitute for substantive responses. *Furthermore, the fact that Miller's lack of recall may have been the product of a 'selective memory'—a conscious desire to withhold certain information—is not a bar to the establishment of this requirement.* See *United States v. Williams*, 571 F.2d 344 (6th Cir.), cert. denied, 439 U.S. 841, 99 S.Ct. 131, 58 L.Ed.2d 139 (1978). We therefore conclude that the record also establishes that Miller lacked sufficient present recollection to enable him to testify fully and accurately and thus, that his written confession was admissible as past recollection recorded."

*Id.*, 494 Pa. at 369, 431 A.2d at 899 (emphasis supplied; footnote omitted). *See United States v. Klein*, 488 F.2d 481, 483 (2d Cir. 1973), *cert. denied*, 419 U.S. 1091, 95 S.Ct. 683, 42 L.Ed.2d 684 (1974); McCormick, *supra*, § 302; *cf. United States v. Senak*, 527 F.2d 129, 137–138 (7th Cir. 1975), *cert. denied*, 425 U.S. 907, 96 S.Ct. 1500, 47 L.Ed.2d 758 (1976); *but cf.* Annot., *Denial of Recollection as Inconsistent with Prior Statement so as to Render Statement Admissible*, 99 A.L.R.3d 934, 954–957 (1980).

Further, Pennsylvania case law requires only that the proponent of the prior statement present evidence of the witness's lack of present recollection. *Commonwealth v. Cooley, supra*, 484 Pa. at 22, 398 A.2d at 641 (prosecutor failed to show on the record that detective had no present recollection of contents of writing after reviewing it); *Commonwealth v. Canales, supra*, 454 Pa. at 426, 311 A.2d at 574 (witness must testify under oath that he has no present recollection of events recorded in the writing). Such evidence may be presented by attempting to refresh the witness's recollection, after an initial failure of memory, by use of the prior statement. If the witness then testifies that he still has no present recollection of the relevant events, the third requirement of *Cooley* has been satisfied.[9]

**9.** Wigmore, *supra*, argues against any requirement that absence of present recollection be shown:

"The principle on which the use of a past recollection rests . . . is clearly that of necessity. To reject such a record would be to reject the best and frequently the only means of arriving at the truth; . . . .

"But this necessity, on further analysis, is open to two interpretations, the less satisfactory of which has been adopted and emphasized in the modern New York rulings. Is the use of past recollection necessary (1) because in the case in hand there is not available a present actual recollection in the specific witness, or (2) because in the usual case a faithful record of past recollection, if it exists, is more trustworthy and desirable than a present recollection of greater or less vividness?

"The latter view, it would seem, is more in harmony with general experience, as well as with the attitude of the judges who early vindicated the use of past recollection. A faithful memorandum should be acceptable, not conditionally on the total or partial absence of a present remnant of actual recollection in the particular witness, but unconditionally; because, for every moment of

The Commonwealth followed the procedure outlined above in the instant matter. The witness testified initially that he had no present recollection of the event, a contention he repeated at least three times during his testimony.[10] Whether or not this lack of present memory was genuine, it was obvious that the witness would not testify from present memory. Further inquiry into the ability of the witness to

> time which elapses between the act of recording and the occasion of testifying, the actual recollection must be inferior in vividness to the recollection perpetuated in the record."

3 Wigmore, *Evidence* § 738 (Chadbourn rev. 1970) (footnote omitted). The Advisory Committee on Proposed Rules Note to Fed.R. Evid. 803(5) points out a pitfall, however, in eliminating the requirement:

> "The principal controversy attending the exception has centered, not upon the propriety of the exception itself, but upon the question whether a preliminary requirement of impaired memory on the part of the witness should be imposed. The authorities are divided. If regard be had only to the accuracy of the evidence, admittedly impairment of the memory of the witness adds nothing to it and should not be required. McCormick § 277, p. 593; 3 Wigmore § 738, p. 76; *Jordan v. People*, 151 Colo. 133, 376 P.2d 699 (1962), cert. denied 373 U.S. 944, 83 S.Ct. 1553, 10 L.Ed.2d 699; *Hall v. State*, 223 Md. 158, 162 A.2d 751 (1960); *State v. Bindhammer*, 44 N.J. 372, 209 A.2d 124 (1965). Nevertheless, the absence of the requirement, it is believed, would encourage the use of statements carefully prepared for purposes of litigation under the supervision of attorneys, investigators, or claim adjusters. Hence the example includes a requirement that the witness not have 'sufficient recollection to enable him to testify fully and accurately.'

Fed.R.Evid., 28 U.S.C.A., at 586.

10. Thornton contradicted this testimony in the following exchange:
"Q. Mr. Thornton, I will show you this piece of paper and ask you to read it, just the last paragraph beginning where I am pointing with the letter 'A' and just read that to yourself. Read it slowly and carefully. (indicating)
"A. (indicating) Can you come here for a minute?
"Q. Well, you may not speak privately to me. You have to speak up, Mr. Thornton.
"A. Well, I don't remember this part right here. I said I didn't see nobody, and right here you got a name, and I don't know how that name got there.
"Q. What name is that?
"A. His name is Sticks [Appellant's nickname].
"Q. You say now you don't know how that name got there?
"A. I said that before I went to the Roundhouse [Police Administration Building]. *All I seen was a bunch of people in the car, and I don't know who they was.*"
N.T. January 31, 1978 at 12–13 (emphasis supplied).

recall the event in question would have been time-consuming and probably unproductive. Moreover, appellant's counsel cross-examined Thornton concerning his lack of present recollection.

 A trial court's rulings on evidentiary questions, moreover, "are controlled by the discretion of the trial court and this Court will reverse only for clear abuse of that discretion." *Commonwealth v. Scott,* 469 Pa. 258, 270, 365 A.2d 140, 146 (1976). It is clearly within the discretion of the trial court to determine whether the requirements of *Cooley* have been satisfied. Further, such a determination can only be made on a case by case basis. *See* Advisory Committee Note to Federal Rule of Evidence 803(5), cited *supra* at n.8.[11] The federal Court of Appeals for the Sixth Circuit discussed the use of discretion in the application of the federal rule[12] governing the past recollection recorded exception in a case in which the trial court found that a witness was exercising a "selective memory":

> "The touchstone for admission of evidence as an exception to the hearsay rule has been the existence of circumstances which attest to its trustworthiness.... Courts and commentators have long recognized the 'recorded past recollection' exception which is the subject of rule 803(5). The Advisory Committee's Note to Exception (5) makes it clear that the method of establishing the initial knowledge of the declarant and the accuracy of the material sought to be introduced must be determined from the circum-

11. The Note reads in pertinent part:
 "No attempt is made in the exception to spell out the method of establishing the initial knowledge or the contemporaneity and accuracy of the record, leaving them to be dealt with as the circumstances of the particular case might indicate."

12. Fed.R.Evid. 803(5), 28 U.S.C.A., reads:
 "Recorded recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."

stances of each case. 28 U.S.C. (1970) App.Supp. V at pp. 2351–52. We find no abuse of discretion in the determination of the District Judge that the statement signed by Gary Ball should be read to the jury. It contained the indicia of trustworthiness required by Rule 803(5) and was never categorically disowned or contradicted by the witness."

*United States v. Williams,* 571 F.2d 344, 350 (6th Cir.), *cert. denied,* 439 U.S. 841, 99 S.Ct. 131, 58 L.Ed.2d 139 (1978). We are similarly convinced that the trial court in the instant appeal did not commit an abuse of discretion in admitting Thornton's statement as substantive evidence.

■■■ Appellant's remaining claims have not been preserved for appellate review, and must thus be considered waived. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975). As we indicated above, appellant's post-verdict counsel did not file written post-verdict motions as required by Pa.R.Crim.P. 1123(a). Instead he submitted a brief in which he raised claims of error, including claims not previously addressed by trial counsel. This brief was not included in the record but was read by the trial court.[13] Such a brief is *not* a permissible substitute for specific written post-verdict motions. *Commonwealth v. Blair, supra,* 460 Pa. at 33 n. 1, 331 A.2d at 214 n.1.

Counsel's brief, however, was submitted before this Court's decision in *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979). In *Gravely,* the plurality opinion of former Chief Justice Eagen stated:

"The Commonwealth argues the issues now advanced by Gravely are not properly preserved for appellate review since they were not included in written post-verdict motions. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975). A brief raising the issues was presented to the post-verdict motion court, and the court considered the issues. Since a majority of this Court has heretofore considered such a brief, along with consideration of the issues raised therein by the trial court, sufficient to pre-

13. *See* footnote 5, *supra.*

serve issues for review under *Commonwealth v. Blair, supra,* on the basis of substantial compliance with Pa.R. Crim.P. 1123(a), we must reject the Commonwealth's argument. *Commonwealth v. Slaughter,* 482 Pa. 538, 394 A.2d 453 (1978); *Commonwealth v. Hitson,* 482 Pa. 404, 393 A.2d 1169 (1978); *Commonwealth v. Jones,* 478 Pa. 172, 386 A.2d 495 (1978); *Commonwealth v. Pugh,* 476 Pa. 445, 383 A.2d 183 (1978); *Commonwealth v. Perillo,* 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealth v. Grace,* 473 Pa. 542, 375 A.2d 721 (1977).

"But, this Court's experience with *Commonwealth v. Grace, supra,* and its progeny has not been very satisfying. Counsel have more often than not failed to include the briefs in the record and, indeed, have often failed to even mention a brief was presented or filed in the trial court in the oral arguments and briefs before this Court. This unsatisfactory situation is perhaps best typified by *Commonwealth v. Slaughter,* supra wherein we had to grant reargument because counsel had failed to adequately advise us of the existence of a brief. Accordingly, in order to conclude this unsatisfactory situation, we now rule that sixty days after the filing of this opinion, only those issues included in post-verdict motions will be considered preserved for appellate review."

*Commonwealth v. Gravely, Id.* 486 Pa. at 198–199, 404 A.2d at 1297–1298. Thus, under the view of the *Gravely* plurality, the issues raised in counsel's brief would be preserved for review.

These issues, however, bear little or no resemblance to those raised on this appeal. His second and fourth claims raised instantly appear to concern the same instances of alleged prosecutorial misconduct. These claims are stated in the brief submitted by appellant to this Court as follows:

"2. Is it permissible for the court to hear information of prior crimes against the decedent by the defendant which would be incompetent evidence for trial purposes? (negatived by the court below)

"...

18

"4. Is it prosecutorial misconduct to consciously inform the court of unsubstantiated prejudicial information which would be otherwise inadmissable [*sic*]? (negatived by the court below)"

Appellant's Brief at 2. Both claims are raised for the first time in this brief, never having been raised at the post-verdict stage. They are therefore waived. *Commonwealth v. Blair, supra; Commonwealth v. Bronaugh,* 459 Pa. 634, 331 A.2d 171 (1975). *See Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974) ("basic and fundamental error doctrine" abrogated). The assignment of error actually made was correctly described and disposed of in the trial court opinion:

"The evidence of prior crimes alleged to have been erroneously admitted by this Court consists of testimony that defendant made threats to witness Tony Thompson (N.T. 2.82); may have discharged a shotgun in front of the deceased's home at 9719 Glenhope Street (N.T. 2.74); participated in the burglary of the deceased's store (N.T. 2.84) in which a shotgun may have been taken; may have been a gang member (N.T. 2.114); and that defendant stole during the course of his employment by the deceased, and sold drugs at that time as well (N.T. 2.113). While the law in Pennsylvania is clear that evidence of other crimes is admissible only in limited circumstances, *Commonwealth v. Peterson,* 453 Pa. 187 [307 A.2d 264] (1973), a review of the above mentioned testimony reveals that to call much of it evidence imbues it with a dignity it clearly does not have. Furthermore, much of the allegedly offensive testimony was not objected to, and at least one segment of it, when timely objected to, was stricken. Finally, and most importantly, the case was tried by this Court sitting without a jury. It is well established that in a case so tried, the Court, in the exercise of its sound discretion, may admit evidence conditioned upon a subsequent showing of relevance. In this case the testimony was not deemed relevant and was not considered by this Court in rendering its verdict. So viewed, the admission of the offending testimony, if error at all, was clearly

harmless. *Commonwealth v. Pearson,* 427 Pa. 45 [233 A.2d 552] (1967)."[14]

*Commonwealth v. Cargo, supra,* 498 Pa. 5, 9 n. 7, at 2–3. Rather than reasserting the evidentiary claim on appeal, appellant appears to employ the trial court's reasoning above as a point of departure in raising the prosecutorial misconduct claims. Appellant's Brief at 9. The evidentiary claim, therefore, has been deliberately abandoned.

■ Appellant's third claim raises, also for the first time, the ineffective assistance of trial counsel:

"3. Is defendant deprived of effective assistance of counsel who consciously elicited damaging testimony from Commonwealth witnesses and fails to take basic measures to prevent the court from considering the most damaging evidence which would otherwise be inadmissible. (negatived by the court below)"

Appellant's Brief at 2. As we explained above, appellant was represented by new counsel at the post-verdict stage. In *Commonwealth v. Seachrist,* 478 Pa. 621, 624, 387 A.2d 661, 663 (1978), this Court set forth the procedure such new counsel must follow to preserve an ineffective assistance claim in such circumstances:

"Issues not raised in post-verdict motions will not be considered on appeal. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975). An exception to this exists, however, when ineffective assistance of prior counsel is raised. The rule then is that ineffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents the appellant. *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). Accordingly, where, as

---

**14.** We emphasize that, in quoting the trial court opinion responsive to appellant's Statement of Matters Complained of On Appeal, we do not imply that failure to include a claim in such Statement obligated the appellate court to deem such claim waived pursuant to Pa.R.A.P. 1925(b). *See Commonwealth v. Crowley,* 259 Pa.Super. 204, 393 A.2d 789 (1978).

here, new post-verdict counsel fails to raise prior trial counsel's ineffectiveness as a ground for post-verdict relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate review. *Commonwealth v. Smallwood*, 465 Pa. 392, 350 A.2d 822 (1976); *Commonwealth v. Dancer*, supra." (footnote omitted)

Thus appellant's new counsel was required to raise the ineffective assistance issue by post-verdict motion. It does not appear that counsel raised this issue in either the brief he submitted to the trial court or his Statement of Matters Complained Of. We refer again to the trial court opinion:

"Appellate counsel next asserts that *the court erred* in admitting certain opinion evidence which was elicited by defendant's trial counsel during cross-examination. Since the evidence offered was not objected to at trial, it seems unlikely that this Court erred in admitting it."

*Commonwealth v. Cargo, supra*, 498 Pa. 5, 9 at n. 7, at 3 (emphasis supplied). Both the Statement of Matters Complained Of and Brief in Support of Defendant's Post Trial Motions argue the inadmissibility of allegedly prejudicial character evidence rather than ineffective assistance of trial counsel.[15]

**15.** Counsel cites *Commonwealth v. Fairbanks*, 453 Pa. 90, 306 A.2d 866 (1973) and McCormick, *supra*, § 188 ("Character as Circumstantial Evidence of Conduct and State of Mind: (a) General Rule of Exclusion") in his Brief in Support. While he asserts that trial counsel's cross-examination could have had no tactical basis, his argument, nonetheless, goes to trial court error, and does not specifically allege ineffective assistance.

The trial court did address that issue *sua sponte*, and considered the claim to be without merit:

"... A more fundamental question, however, and *one which will no doubt be reached at some point in the appellate process*, is whether defendant was denied the effective assistance of counsel during his trial. After reviewing the offending testimony in light of the entire record, this Court concludes that defendant did have the effective, if not perfect, assistance of counsel during his trial.

"The starting point for analyzing defendant's ineffective assistance claim, of course, is the rule of *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599 [235 A.2d 349] (1967), which holds counsel's assistance is deemed constitutionally effective once it is concluded that the course of action chosen by counsel had some reasonable basis designed to effectuate the client's interests. In the instant case, trial counsel did a workmanlike job of cross-ex-

Appellant's ineffective assistance claim has thus not been preserved for our review and is therefore waived.

Judgment of sentence is affirmed.

NIX, J., concurred in the result.

KAUFFMAN and WILKINSON, JJ., did not participate in the decision of this case.

amining most of the Commonwealth's witnesses, and, while his technique in questioning Homicide Detective Raymond Dougherty (N.T. 3.46–3.53) may not have been ideal, it clearly was designed to highlight the weak points of the Commonwealth's case. Trial counsel was therefore effective in his representation."
*Commonwealth v. Cargo, supra,* 498 Pa. 5, 9 at n. 7, at 3 (emphasis supplied).