J-S20039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DENNIS LEE DAVIS, | |
| Appellee | No. 1424 WDA 2015 |

Appeal from the Order August 3, 2015
in the Court of Common Pleas of Somerset County
Criminal Division at No.: CP-56-CR-0000407-2008

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED: MARCH 15, 2016**

The Commonwealth appeals from the trial court's order requiring that the emergency room physician who examined the victim on the day she was raped appear at trial as a prerequisite to the admission of his medical examination report.[1]  The Commonwealth asserts that the report already qualifies for admissibility under Pennsylvania Rule of Evidence 803.1(3).  It further maintains that the report is not testimonial.  Under our standard of review, we conclude that the trial court properly exercised its discretion and committed no error of law.  Accordingly, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has certified in the notice of appeal that the order appealed from will terminate or substantially handicap the prosecution. (***See*** Notice of Appeal, 8/31/15); ***see also*** Pa.R.A.P. 311(d).

This case has a complicated and unusual history.[2] Pertinent to the

issue in this appeal, Appellee is awaiting retrial on charges of rape and

_____

[2] Briefly summarized, in October 2008, a jury convicted Appellee, Dennis Lee Davis, of kidnapping, rape, aggravated indecent assault, indecent assault, and recklessly endangering another person. (**See** Trial Court Opinion, 8/04/15, at 2). He was designated a sexually violent predator (SVP), and sentenced to not less than eight nor more than sixteen years' incarceration.

However, Appellee's trial counsel, Arnold Yale Steinberg, had already been the object of disciplinary proceedings by the Pennsylvania Attorney Disciplinary Board for unrelated improprieties. (**See** Amendment to Petition for Post-Conviction Collateral Relief, 1/31/12, at Exhibit B). On April 18, 2008, Steinberg had submitted a resignation statement, pursuant to Pennsylvania Rule of Disciplinary Enforcement 215(b) (disbarment on consent).

A signed addendum to the resignation statement permitted Steinberg to complete representation in four federal civil matters, but prohibited any new representation. In return, the Office of Disciplinary Counsel agreed not to forward the resignation to the Supreme Court of Pennsylvania before October 18, 2008. (**See** Addendum). Paragraph (g) of the addendum provided that if Steinberg violated any of the conditions of the agreement, his resignation statement would be forwarded immediately to the Supreme Court.

Nevertheless, two weeks later Steinberg took on Appellee as a client in this matter and represented him through trial, his SVP hearing, and sentencing. In an order dated December 30, 2008, the Supreme Court of Pennsylvania accepted Steinberg's resignation, and disbarred him on consent. (**See**, Order, 12/30/08, Amendment to Petition for Post-Conviction Collateral Relief, 11/14/11, at Exhibit A).

On these facts, the PCRA court vacated Appellee's conviction. On appeal, a panel of this Court affirmed, reasoning that because Steinberg was "constructively unlicensed," under paragraph (g), Appellee was presumed prejudiced, and remanded the case for a new trial. (**Commonwealth v. Davis**, No. 1180 WDA 2012, unpublished memorandum at *8 (Pa. Super. filed Sept. 3, 2013)).

related offenses. The Commonwealth seeks to admit at trial the rape examination report prepared by Terry L. Linville, M.D., the emergency room physician who examined the victim, A.B., on the day of the rape.

In the first trial, the parties had stipulated to the admission of all medical records.[3] However, on collateral appeal, Appellee's new counsel raised trial counsel's stipulation to medical records as an example of ineffectiveness. (*See* N.T. PCRA Hearing, 9/12/11, at 3).

After remand, Appellee's counsel filed an omnibus pre-trial motion. At a hearing on February 24, 2015, the court addressed the issue on appeal, whether Dr. Linville's rape examination report could be admitted at trial without his appearance. For this hearing Dr. Linville appeared by videoconference.

Notably, he did not actually testify. (*See* N.T. Hearing, 2/24/15, at 8). The prosecutor told him, without any objection, that "we have decided that you need not testify today . . . ." (*Id.*). At the direction of the prosecutor, Dr. Linville did number and initial the pages of the examination report previously forwarded to him by the District Attorney's office. (*See id.*). He also highlighted in light green color the portions he believed to be diagnoses,

_____

[3] Appellee did not deny a sexual encounter, but claimed it was consensual. (*See* N.T. Trial, 10/23/08, at 68).

including lists of diagnosis code numbers.[4]  (**See** Hospital Record, 5/02/08, at 1-19).

The examination record itself lists seven diagnoses by numerical code on the first (cover) page, highlighted in light green by Dr. Linville.  (**See id.** at first page [handwritten—presumably by Dr. Linville—as "#1"]).  The "Chief Complaint," is highlighted as "Sexual assault."  (**Id.** at page 1 of 6; handwritten "#2").  Similarly, the "Primary Diagnosis" is described as "Alleged Sexual Assault."  (**Id.** at page 3 of 6; handwritten "4").

There is one section of the medical record, apparently preprinted, titled "**Discharge Instructions**[;] SEXUAL ASSAULT."  (**Id.** at page 5 of 6; handwritten "6").  It is a catch-all which combines reportorial facts ("You have been examined today for sexual assault (rape)."), with objective general medical information and advice ("You should have blood tests . . .") and sympathetic advice ("you are not to blame for being attacked").  (**Id.**).

It also includes, in the middle of the same paragraph, in the same typeface and font as the rest of the paragraph, the following notices: "The purpose of this exam is to help find any physical or emotional problems you may have as a result of this experience.  The exam is also done to collect

_____

[4] Dr. Linville also highlighted a list of CPT (Current Procedural Terminology) codes, indicating services provided, rather than diagnoses.  (**See** Hospital Record, **supra** at 5 of 6).

legal evidence; we will give this material to the proper law enforcement agency with your permission." (*Id.*).

The hearing of February 24 was adjourned pending receipt of the medical records marked up remotely by Dr. Linville. (*See* N.T. Hearing, 2/24/15, at 14). On July 10, 2015, the hearing was resumed to address outstanding issues. After the hearing, the trial court took the issues under advisement. On August 3, 2015 the court filed the order which is the subject of this appeal, requiring the testimony of Dr. Linville if the Commonwealth sought to admit his report. The Commonwealth timely appealed.[5]

The Commonwealth raises two questions for our review:

> 1. Whether the [trial] court erred as a matter of law by ruling that in accordance with Pa.R.E. 803.1(3) Dr. Linville must testify at trial if the Commonwealth seeks admission of his report outlining his examination of [the victim] conducted the day of the alleged sexual assault?

> 2. Whether the [trial] court erred as a matter of law by ruling that Appellee has a right to confront Dr. Linville at trial under the confrontation clause of the Sixth Amendment to the United States Constitution if the Commonwealth seeks admission of his report?

_____

[5] The Commonwealth filed a concise statement of errors on September 17, 2015. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on October 2, 2015, referencing its memorandum and order filed August 3, 2015. *See* Pa.R.A.P. 1925(a). Although the opinion of October 2 recites that no concise statement had been received, the statement is time-stamped as timely filed on September 17, and the docket entries confirm the filing. We give the Commonwealth the benefit of the doubt and deem the statement timely filed.

(Commonwealth's Brief, at 4).

The Commonwealth asserts the trial court erred because "the foundation for the application of said rule [Pa.R.E. 803.1(3)] has been the subject of stipulation." (*Id.* at 7). It also maintains that the Sixth Amendment right to confrontation does not apply because Dr. Linville's report is not testimonial. (*See id.*). The Commonwealth's arguments do not merit relief.

> Our standard of review is well-settled: Generally, on review of an order granting or denying a discovery request, an appellate court applies an abuse of discretion standard. Likewise, evidentiary rulings are subject to an abuse of discretion standard.
>
>> The standard of review for a trial court's evidentiary rulings is narrow. The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014) (citation and internal quotation marks omitted). "This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*[.]" *Commonwealth v. Vargas*, 947 A.2d 777, 780 (Pa. Super. 2008) (citations omitted).

> Medical records are admissible under the hearsay rules as evidence of facts contained therein but not as evidence of

medical opinion or diagnosis. ***Commonwealth v. Green***, 251 Pa. Super. 318, 380 A.2d 798, 799-801 (1977).

> Medical diagnosis or opinion entails a "conclusion concerning a condition not visible but reflected circumstantially by the existence of other visible and known symptoms." The existence of a readily observable physical condition, the evaluation of which does not require a complex application of technical knowledge, can as easily be ascertained by the lay person as by the trained physician.

***Id.*** at 801 (citations omitted).

***Folger ex rel. Folger v. Dugan***, 876 A.2d 1049, 1055 (Pa. Super. 2005)

*appeal denied*, 897 A.2d 458 (Pa. 2006).

> In general, when the record reveals what is or is not present in the patient, or that a test occurred, the record reflects facts. On the other hand, when the record reflects what the presence or absence of something means, the record more likely reflects a medical diagnosis or opinion.

***Id.*** at 1056 (footnote omitted).

Here, the Commonwealth first argues that "[t]he foundation for applying Pa.R.E. 803.1(3) has been met as stipulated." (Commonwealth's Brief, at 8). We disagree.

In pertinent part, Rule of Evidence 803.1 provides:

> The following statements are not excluded by the rule against hearsay **if the declarant testifies and is subject to cross-examination about the prior statement**:
>
> \* \* \*
>
> **(3) Recorded Recollection of Declarant-Witness.** A memorandum or record made or adopted by a declarant-witness that:

(A) is on a matter the declarant-witness once knew about but now cannot recall well enough to testify fully and accurately;

(B) was made or adopted by the declarant-witness when the matter was fresh in his or her memory; and

(C) the declarant-witness testifies [sic] accurately reflects his or her knowledge at the time when made.

If admitted, the memorandum or record may be read into evidence and received as an exhibit, but may be shown to the jury only in exceptional circumstances or when offered by an adverse party.

*Comment:* Pa.R.E. 803.1(3) is similar to F.R.E. 803(5), but differs in the following ways:

1. Pennsylvania treats a statement meeting the requirements of Pa.R.E. 803.1(3) as an exception to the hearsay rule **in which the testimony of the declarant is necessary.** F.R.E. 803(5) treats this as an exception regardless of the availability of the declarant. **This differing organization is consistent with Pennsylvania law.**

Pa.R.E. 803.1 (emphases added).

In this case, the trial court reasons that the plain meaning of the rule requires that the declarant, Dr. Linville, must testify and be subject to cross-examination if the Commonwealth desires to have the report admitted in its entirety, with opinions and diagnoses. (*See* Trial Ct. Op., 8/04/15, at 6). We agree.

Our review of the record in this appeal reveals that while defense counsel agreed to stipulate to the admission of the hospital records under the Uniform Business Records as Evidence Act, 42 Pa.C.S.A. § 6108, he

- 8 -

expressly excluded from the stipulation any opinions or diagnosis, precisely the claims at issue. (**See** N.T. Hearing, 2/24/15, at 3-5).

Defense counsel also maintained that for the diagnosis and opinions to be admissible, Dr. Linville would have to appear, testify, and be subject to cross-examination at trial. (**See id.** at 6). He agreed that if Dr. Linville's opinions and diagnoses were redacted, he would not have to appear personally for the admission of the (redacted) hospital records. (**See id.** at 7). Accordingly, contrary to the Commonwealth's claim, the limited stipulation evidenced by the record does not resolve the first issue.

The Commonwealth also argues the report should have been admitted as a past recollection recorded. (**See** Commonwealth's Brief, at 9). We disagree.

> Four elements are required for a hearsay statement to be admitted as a past recollection recorded: (1) the witness must have had firsthand knowledge of the event; (2) the written statement must be an original memorandum made at or near the time of the event and while the witness had a clear and accurate memory of it; (3) the witness must lack a present recollection of the event; and (4) the witness must vouch for the accuracy of the written memorandum.

**Commonwealth v. Young**, 748 A.2d 166, 177 (Pa. 1999) (citing **Commonwealth v. Cargo**, 444 A.2d 639 (Pa. 1982).

Here, on their face, the third and fourth elements require the testimony of Dr. Linville. The Commonwealth claims that Dr. Linville has already testified at a pre-trial hearing that he does not remember authoring

the report in question. (**See** Commonwealth's Brief, at 6). However, the record does not support this claim.

To the contrary, as already noted, the prosecutor told Dr. Linville he "need not testify." (N.T. Hearing, 2/24/15, at 8). He was not sworn in, and aside from incidental conversation relating to the highlighting procedure previously noted, he said nothing on the record. (**See id.** at 8-10). Instead, Carolann A. Young, Esq., the **prosecutor**, said that Dr. Linville could not remember. (**See id.** at 5, 7, 29). But the prosecutor's personal vouching for Dr. Linville's lack of memory is plainly an insufficient and legally impermissible substitute for testimony by Dr. Linville himself, as required for compliance by the plain meaning of Rule 803.1. The Commonwealth offers no authority to the contrary.

In sum, the record confirms that Dr. Linville did not testify. The stipulation of defense counsel did not extend to the diagnoses and opinions at issue. The prosecutor's personal vouching is not compliant with Rule 803.1. Therefore, the Commonwealth has failed to show that the entire report is admissible without the testimony of Dr. Linville at trial. The Commonwealth's first issue does not merit relief.

In its second issue, the Commonwealth asserts that the trial court erred in ruling that Appellee has a right to confront Dr. Linville at trial under the Confrontation Clause of the Sixth Amendment of the United States Constitution. (**See** Commonwealth's Brief, at 4).

The Commonwealth chiefly argues that the rape examination report was not testimonial in nature and therefore Appellee was not entitled to Sixth Amendment protection under the Confrontation Clause. (*See Id.* at 10-13). We disagree.

> The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." We have held that this bedrock procedural guarantee applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 406, 85 S. Ct. 1065, 13 L.Ed.2d 923 (1965).

*Crawford v. Washington*, 541 U.S. 36, 42 (2004).

Our Pennsylvania Supreme Court has recognized that protection under the Confrontation Clause is dependent on whether the statement sought to be admitted is determined to be testimonial in nature:

> In sum, in analyzing whether a statement is testimonial, and, therefore, subject to the protections of the Confrontation Clause under *Crawford*, a court must determine whether the primary purpose of the interrogation was to establish or prove past events relevant to a later criminal prosecution. In making the determination as to the primary purpose of an interrogation, a court first should determine whether the interrogation occurred during the existence of an ongoing emergency, or what was perceived to be an ongoing emergency. Although the existence—actual or perceived—of an ongoing emergency is one of the most important factors, this factor is not dispositive because there may be other circumstances, outside of an ongoing emergency, where a statement is obtained for a purpose other than for later use in criminal proceedings. In determining the primary purpose of an interrogation, a court must also objectively evaluate the circumstances surrounding the interrogation, including the formality and location, and the statements and actions of both the interrogator and the declarant.

***Commonwealth v. Allshouse***, 36 A.3d 163, 175-76 (Pa. 2012), *cert. denied*, 133 S. Ct. 2336 (2013). "Whether Appellant was denied [his] right to confront a witness under the confrontation clause of the Sixth Amendment is a question of law for which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Yohe***, 39 A.3d 381, 384 (Pa. Super. 2012), *affirmed*, 79 A.3d 520 (Pa. 2013), *cert. denied*, 134 S. Ct. 2662 (2014) (citations omitted).

In this appeal, the Commonwealth maintains that the medical report at issue was not testimonial hearsay because it "was not procured with a primary purpose of creating an out-of-court substitute for trial testimony." (Commonwealth's Brief, at 11) (citing ***Allshouse***, ***supra*** at 174). The Commonwealth argues that Dr. Linville's "intent was not to obtain testimony . . . for the purposes of a criminal proceeding," but rather he "intended to provide medical treatment to his patient in a hospital emergency room." (***Id.*** at 13) We disagree.

First, and most obviously, there is no evidence in the record, in particular, no testimony from Dr. Linville, explaining what his intent was. Secondly, the mere bald assertion that the report "was not procured with a primary purpose of creating an out-of-court substitute for trial testimony" is undeveloped and lacks pertinent supporting authority.

The report did note that its purpose was to "help find any physical or emotional problems[.]" (Hospital Record, *supra* at 5 of 6).[6] However, it added that the purpose of the examination was to collect evidence concerning an alleged sexual assault: ("The exam is **also** done to collect legal evidence[.]") (*Id.*) (emphasis added). Photographs of the victim's injuries were included in the report.

By her signature, the victim acknowledged receipt and review of the report along with an authorization for collection and release of evidence, as well as numerous other notices and releases. The disposition section of the report advised the victim to follow up with her primary health care provider.

The examination obviously had multiple purposes, including compliance with record keeping requirements, and providing any needed emergency treatment. However, we conclude that in the totality of circumstances, the trial court could properly decide from the evidence of record that the primary purpose of the examination report was to document that the patient was the victim of a sexual assault, and to establish the extent of her injuries. This documentation included the treating physician's diagnosis and opinions.

_____

[6] **See also** 28 Pa. Code § 115.31(a), Patient medical records: "An adequate medical record shall be maintained for every inpatient, outpatient and patient treated or examined in the emergency unit."

Accordingly, the trial court properly and correctly decided that the rape examination report, including diagnoses and opinions, was testimonial in nature. (**See** Trial Ct. Op., at 9).[7] The trial court also correctly decided that if the Commonwealth seeks to introduce Dr. Linville's rape examination report, including opinions and diagnoses, under Pa.R.E. 803.1(3), Dr. Linville will have to appear at trial, testify, and be subject to cross-examination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016

_____

[7] The trial court reasoned, in part, that the Commonwealth erroneously contended that Dr. Linville's lack of memory of preparing the examination report made him unavailable, and therefore, his testimony was not barred by the Confrontation Clause. (**See** Trial Ct. Op., at 9-10). However, the Commonwealth expressly disclaims this argument in its brief. (**See** Commonwealth's Brief, at 11). Accordingly, we need not review this part of the trial court's reasoning.