453 A.2d 309

COMMONWEALTH of Pennsylvania,

v.

Helen Patricia DAVIS, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 18, 1982.

Decided Dec. 14, 1982.

John R. Merrick, Public Defender, Janet W. Mason, Dennis Brogan, Asst. Public Defenders, for appellant.

Donald A. Mancini, Alan Jarvis, Asst. Dist. Attys., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

PER CURIAM.

Appellant, Helen Patricia Davis, was convicted by a jury of murder of the third degree. Post-verdict motions were denied and appellant was sentenced to a prison term of one and one-half years. This direct appeal followed.

At trial, appellant was represented by privately-retained counsel. Presently, appellant is represented by the Office of the Public Defender of Chester County. On this appeal, appellant alleges nine instances of trial error, three of which challenge the stewardship of appellant's trial counsel.

As we stated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 351–352 (1967):

"... counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record."

(Emphasis in original). Instantly, however, no evidentiary hearing has been held allowing trial counsel to explain his actions at trial. The record, therefore, is incomplete insofar

as this Court must review the basis for counsel's actions in analyzing appellant's claims of ineffective assistance of trial counsel.

The judgment of sentence is vacated and the matter is remanded to the Court of Common Pleas of Chester County for an evidentiary hearing on appellant's claims of ineffective assistance of trial counsel. Should the court determine that appellant has been denied the effective assistance of counsel, it shall grant her a new trial. Otherwise, the court shall reinstate the judgment of sentence. In either instance, appropriate appellate rights may be exercised by the aggrieved party in this Court.