**Robert A. POGGI, Petitioner,**

v.

**POLICE AND FIREMEN'S RETIREMENT & RELIEF BOARD, Respondent.**

No. 81–68.

District of Columbia Court of Appeals.

Dec. 15, 1982.

Before KELLY, BELSON and TERRY, Associate Judges.

ORDER

PER CURIAM.

Upon consideration of respondent's renewed motion to dismiss made at oral argument herein, and of petitioner's response thereto, and it appearing that the court does not have jurisdiction of this petition for review, *Conner v. District of Columbia Bureau of Motor Vehicle Services,* D.C. App., 442 A.2d 957 (1982), it is this 15th day of December, 1982,

ORDERED that the petition for review is hereby dismissed for lack of jurisdiction.

1. The Board's rules were amended early in 1982, but the amended version of this rule, Rules of Practice and Procedure § 106.1, 29

TERRY, Associate Judge, concurring:

I agree that this petition for review must be dismissed under the authority of the *Conner* case, but I am not happy with the result. It is undisputed that petitioner's attorney received notice of the adverse decision of the Board on December 23, 1980, but that petitioner himself did not receive such notice until January 5, 1981, after returning from a trip out of town during the Christmas holidays. The petition for review was filed on January 19, 1981. Our rules impose a fifteen-day jurisdictional limit on the filing of such petitions. D.C.App.R. 15(b). Thus the petition in this case was timely if we accept January 5 as the date on which notice was given, but untimely if that date was December 23. *Conner* requires us to hold that the time started running on December 23, and that we therefore lack jurisdiction to consider petitioner's claims.

I write separately to suggest that the Retirement Board consider amending the rule which led to this inequitable result. Section IX(1) of the Board's Rules of Practice and Procedure, 23 D.C.Reg. 2698, *adopted,* 23 D.C.Reg. 3702 (1976), which governs this case, provides:

> Any papers required to be served upon a party shall be served upon him or upon the representative designated by him or by law to receive service of papers. When a party has appeared through a representative, service *may* be made upon the representative of record. [Emphasis added.] [1]

This rule gives the Board a choice between serving its orders upon a party's attorney and upon the party himself, but it does not make clear when service is effected if the Board chooses to serve both the party and his attorney. Although *Conner* precludes us from holding that the rule is ambiguous, it also results in the dismissal of petitioner's case before it can be considered on the merits.

Court rules generally provide that when a party is represented by counsel, service of

D.C.Reg. 895 (1982), is not materially different from the 1976 version.

all papers must be made on counsel unless the court specifically orders otherwise. *E.g.,* D.C.App.R. 25(b); Super.Ct.Civ.R. 5(b); Super.Ct.Crim.R. 49(b). Under such rules, service on a party who is represented by counsel is of no legal effect, although it is of course permissible as a courtesy. Amendment of the Board's rules along these lines would forestall jurisdictional dismissals in cases such as this and would make it possible for others in the same situation as Lieutenant Poggi to have their day in court.