505 Pa. 569 (1984)
482 A.2d 235
Lee P. JOHNSON, Petitioner,
v.
COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.
Supreme Court of Pennsylvania.
October 2, 1984.
*570 William R. Hare, Asst. Public Defender, Beaver, for petitioner.
Robert Greevy, Chief Counsel, Com. of Pa., Bd. of Probation & Parole, Harrisburg, for respondent.
Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

OPINION
PER CURIAM.
Petitioner was arrested by an agent of the Pennsylvania Board of Probation and Parole ("Board") on October 1, 1982. He was charged with technical parole violations consisting of assaultive behavior and consuming intoxicating beverages. Following a hearing he was adjudicated a parole violator and recommitted to serve an 18-month term of imprisonment. Petitioner filed a petition for review in the Commonwealth Court challenging the Board's action. On April 1, 1984, while that petition was pending, petitioner was reparoled. The Board thereupon moved to dismiss the petition as moot. The Board's motion was granted on April 18, 1984. The instant timely petition for allowance of appeal followed.
Petitioner argues that his rights have been violated by the Board and that he is wrongfully being denied review of his claims. We agree. We have held that a party may collaterally attack his conviction even though his sentence has been served in full if there may be some possible consequences resulting from the conviction. See, e.g., Commonwealth v. Rohde, 485 Pa. 404, 402 A.2d 1025 (1979); *571 Commonwealth v. Sheehan, 446 Pa. 35, 285 A.2d 465 (1971). Petitioner, as a parolee, remains under the custody and supervision of the Commonwealth and subject to future recommitment for the duration of his original sentence. See Commonwealth ex rel. Hendrickson v. Pennsylvania State Board of Parole, 409 Pa. 204, 185 A.2d 581 (1962), cert. denied, 374 U.S. 817, 83 S.Ct. 1713, 10 L.Ed.2d 1041 (1963); Commonwealth ex rel. Sparks v. Russell, 403 Pa. 320, 169 A.2d 884 (1961); Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 28 A.2d 897 (1942). Surely, the determination that petitioner was a parole violator may have future consequences for him during that period. Thus, the mere fact that he has been reparoled did not warrant dismissal of his claims.
Accordingly, the petition for allowance of appeal is granted. The order of the Commonwealth Court is reversed and the record is remanded for a decision on the merits.