Francis O'HALLORAN

v.

Joseph RYAN, Superintendent, et al.

Civ. A. No. 86-2433.

United States District Court,
E.D. Pennsylvania.

Dec. 30, 1986.

Francis O'Halloran, in pro. per.

Robert L. Steinberg, Michael P. McIntyre, Office of the Dist. Atty. of Lehigh County, Allentown, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Senior District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I referred his petition to a United States magistrate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1). The magistrate concluded that petitioner had exhausted his state remedies as required by 28 U.S.C. § 2254(b), that the state court's findings of fact were entitled to a presumption of correctness under 28 U.S.C. § 2254(d), that a federal evidentiary hearing was not needed, and that petitioner was not entitled to relief. Petitioner timely filed objections to the magistrate's report and recommendation. Accordingly, I have reviewed the

record and determined the issues *de novo*. *See* 28 U.S.C. § 636(b)(1). For the reasons explained herein, I disagree with the magistrate's conclusion that petitioner has exhausted his state remedies, and therefore I will not adopt the report and recommendation.

### I.[1]

In relation to a burglary that occurred on September 9, 1981, petitioner and two codefendants were charged with burglary, criminal trespass, theft by unlawful taking, receiving stolen property, carrying firearms without a license, and criminal conspiracy. Pursuant to a plea bargain, the terms of which are contested by the parties, petitioner entered a plea of guilty to the burglary charge, and the state dropped the five additional charges. Petitioner entered that plea without the assistance of counsel. He received a sentence of four to ten years.

Thereafter, through counsel, petitioner moved for reconsideration of sentence and/or to withdraw his guilty plea. He alleged, *inter alia,* that his sentence violated his plea bargain, which petitioner contended included a promise that he would receive the same sentence as his codefendant, Edward Henderson, who had received a sentence of five years probation. He also complained that, because he had entered his guilty plea with the belief that he would receive the same sentence as Henderson, the plea was not knowingly and voluntarily entered.

The trial court held an evidentiary hearing on petitioner's motion. Petitioner testified on his own behalf, and Michael McIntyre, the assistant district attorney with whom petitioner had discussed the terms upon which he might enter a guilty plea, testified for the state. No other witnesses were called. By order dated May 23, 1983, the trial court denied petitioner's motion, and some time thereafter issued a memorandum opinion explaining its ruling. The

---

**1.** Because the procedural history is lengthy, I set forth only as much as is relevant to my disposi-

tion of this petition. *See infra* pp. 820–22.

court found that the only bargain between petitioner and the state was that, if petitioner pleaded guilty to burglary, the state would drop all additional charges. Insofar as it addressed petitioner's claim that his guilty plea was not knowing and voluntary, the court stated that, pursuant to its colloquy with petitioner at the time he pleaded guilty, it had found that his plea was being entered "knowingly, understandingly, intelligently, and voluntarily."

Petitioner filed a *pro se* appeal. On July 26, 1985, the Superior Court affirmed the trial court's judgment of sentence. *Commonwealth v. O'Halloran*, 348 Pa.Super. 634, 501 A.2d 293 (1985). In a memorandum opinion, the court held, *inter alia*, that petitioner's guilty plea had been entered knowingly and voluntarily, and that the trial court had correctly found that there was no plea agreement as to petitioner's sentence.

The Superior Court also addressed petitioner's claim, raised for the first time on appeal, that the attorney who represented him at the hearing on his motion for reconsideration of sentence and/or to withdraw his guilty plea was ineffective. As to this claim, the court rejected petitioner's contention that his attorney was ineffective in failing to subpoena Henderson, his codefendant, and Ms. McCadden, the trial judge's law clerk, to testify at the hearing. The court concluded that petitioner had "not shown that the testimony of the above-mentioned persons would have been helpful to his defense." *Commonwealth v. O'Halloran*, No. 01683 PHL 83, slip op. at 8–9 (Pa.Super.Ct. July 26, 1985). In a footnote, the court elaborated on this deficiency as follows:

> [Petitioner] also includes in his appellate brief an argument entitled "AFTER DISCOVERED EVIDENCE." He alleges therein that on December 15, 1983, he learned that a Ms. McCadden was employed as a clerk to the sentencing judge, is the wife of [a]ttorney Huber, and a witness to the [a]ssistant [d]istrict [a]ttorney's plea bargain proposal. He further alleges that Huber never informed him of these facts and failed to subpoena Ms. McCadden to testify concerning the agreement. These allegations are without support in the record. This [c]ourt can only consider the facts in the record and not those facts located only in a party's brief.

*Id.* at 9 n. 4 (citations omitted).

Following the Superior Court's affirmance of his judgment of sentence, petitioner unsuccessfully sought allocatur in the Pennsylvania Supreme Court. *Commonwealth v. O'Halloran*, No. 986 (Pa. Apr. 7, 1986). Shortly after allocatur was denied, petitioner filed this federal habeas action.

## II.

One of the grounds upon which petitioner seeks relief is that his attorney was ineffective for failing to subpoena McCadden to testify at his post-sentence hearing.[2] He states in his petition that McCadden sat next to him during the plea negotiations and therefore that she has firsthand knowledge of the terms of the plea bargain.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-part test for the determination of claims of ineffective assistance of counsel. There must be a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. To be entitled to relief, petitioner would have to show, as a threshold matter, that McCadden would have testified that the assistant district attorney represented to petitioner that he would, in return for pleading guilty to burglary, receive the same sentence as Henderson. Without such a showing, petitioner could not satisfy either part of the *Stickland* test, for it could have been neither deficient performance nor prejudicial for counsel to fail to call McCadden as

---

2. Petitioner sets forth additional grounds for his claim that counsel was ineffective. However, those grounds are not relevant to the following discussion, and therefore I need not enumerate them.

a witness if she would not have corroborated petitioner's testimony.

■ It is apparent from the state court record that this threshold factual determination has not been made. It could not have been made by the trial court at the post-sentence motions hearing, because the claim arises out of counsel's alleged omissions at that hearing. However, once petitioner appealed, his case was no longer before a court which could make the necessary factual findings.

It is equally apparent that this threshold determination must be made before this, or any other, court can properly decide whether petitioner's ineffective assistance claim has factual merit.[3] This raises the question of whether this determination should be made in the first instance by a federal habeas court rather than by the Pennsylvania court system.

■ Although the state has not argued that petitioner has failed to exhaust his state remedies, *Zicarelli v. Gray*, 543 F.2d 466 (3d Cir.1976) (en banc), imposes upon me the duty to conduct an independent inquiry into this issue. *Id.* at 471; *see also United States ex rel. Trantino v. Hatrack*, 563 F.2d 86, 95–98 (3d Cir.1977), *cert. denied*, 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978). The burden is on petitioner to show that he has met the requisites of exhaustion. *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir.1982) (per curiam). To do so, petitioner must demonstrate, *inter alia*, that he has fairly presented to the state courts, *see Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), all of the claims raised in his habeas petition. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Fair presentation requires that the state courts be presented not only with the legal theory but with the facts upon which each federal claim rests.

*E.g., Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir.1986).

■ Here, insofar as petitioner presented the factual allegations underlying his ineffective assistance claim to the state courts, he presented them in a manner that precluded proper consideration, *i.e.*, in a brief to an appellate court rather than by an evidentiary showing on the record. *See supra* p. 820. It is well-settled in Pennsylvania that a claim of ineffective assistance of counsel will not be decided on direct appeal unless counsel's ineffectiveness is clear on the face of the record. *See, e.g., Commonwealth v. Cook*, 230 Pa.Super. 283, 284, 326 A.2d 461, 461 (1974). When the facts to support the claim do not appear on the record, the appellate court may either remand the case for an evidentiary hearing, *see Commonwealth v. Davis*, 499 Pa. 282, 283–84, 453 A.2d 309, 310 (1982) (per curiam), or wait to decide the claim until an evidentiary hearing has been held upon an appropriate request under the state's Post Conviction Hearing Act ("PCHA"), 42 Pa.Cons.Stat.Ann. §§ 9541–9551 (Purdon 1982 & Supp.1986). *See Cook*, 230 Pa.Super. at 284, 326 A.2d at 461. While it is not clear from the record precisely why the Superior Court did not remand petitioner's ineffective assistance claim for an evidentiary hearing, it may have been because, as the court noted, he supported his claim with nothing more than bare allegations in his brief. At any rate, it appears that the Superior Court decided only that petitioner's claim was not supported by facts of record, and neither determined the claim on the merits nor held that petitioner had waived it. Accordingly, it appears that petitioner is eligible to pursue relief under the PCHA. *See* 42 Pa. Cons.Stat.Ann. §§ 9543–9544; *Cook*, 230 Pa.Super. at 284, 326 A.2d at 461 (post-conviction relief appropriate procedure to develop evidentiary record on ineffective assistance claim).

---

**3.** Accordingly, I am puzzled by the magistrate's determination that this claim of ineffective assistance lacks merit because there was "no error" in the Superior Court's conclusion that petitioner had not made the requisite threshold showing. It seems as though the magistrate incorrectly treated the Superior Court's conclusion as a factual finding to which a statutory presumption of correctness, *see* 28 U.S.C. § 2254(d), should be applied.

I am mindful that, in this circuit, a federal habeas petitioner normally need not pursue both a direct appeal and collateral relief to fulfill the exhaustion requirement. *E.g., Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). However, because I conclude that petitioner did not, by making allegations in a brief unsupported by facts of record, give the Pennsylvania courts a fair opportunity to determine the facts underlying his ineffective assistance claim, and because the PCHA appears to provide a procedure whereby petitioner can present these facts to the state courts, I hold that his failure to pursue post-conviction relief on his ineffective assistance claim constitutes a failure to exhaust state remedies. *See Kellotat v. Cupp,* 719 F.2d 1027, 1030–31 (9th Cir.1983) (when, under state procedure, ineffective assistance claim is appropriately determined on collateral review rather than direct appeal, petitioner would be required to seek state post-conviction relief before pursuing federal habeas review); *Eaton v. Wyrick,* 528 F.2d 477, 479–81 (8th Cir.1975) (when factual matters necessary to the determination of an issue do not appear on the face of the trial record, state court, on direct appeal, is not properly presented with the opportunity to rule on the issue, and petitioner must pursue collateral post-conviction remedies in the state court as a precondition to federal relief).

### III.

Because petitioner has the option to resubmit his habeas petition with only exhausted claims, *see Rose v. Lundy,* 455 U.S. at 520, 102 S.Ct. at 1204, I would normally, in the interest of efficiency, determine whether the remainder of his claims are exhausted. However, for the reasons set forth herein, I will not, at present, make such a determination.

The claims which petitioner expressly identifies as the grounds for federal habeas relief are not set forth on the form provided by the court, but in a forty-five page brief, which includes, without differentiation, procedural history, legal argument and conclusion, factual allegations, and what might be deemed additional grounds for relief. The factual allegations that follow each expressly identified ground for relief often do not relate to the identified claim and, as to a number of claims, petitioner does not set forth a factual basis. Thus, while it is clear that the gravamen of petitioner's habeas action is his claim that he entered a guilty plea based upon the representation that he would receive the same sentence as Henderson, and therefore that his plea was involuntary and/or his sentence illegal, and that petitioner has fairly presented these grounds to the state courts, it is virtually impossible to discern each of the additional grounds upon which petitioner believes he is entitled to relief, and the factual basis therefor.

Local Rule of Civil Procedure 44(a) requires that all habeas petitions be filed on the form provided by the court. This form instructs the petitioner to state every ground for relief and, for each ground, the facts supporting it. The form also states that additional pages are not permitted. While I have tried, despite petitioner's failure to comply with these guidelines, to make sense of his petition, his noncompliance presents a formidable, if not insurmountable, obstacle.

As I have determined that at least one of petitioner's claims is unexhausted, I will enter an order denying his petition without prejudice for failure to exhaust state remedies. To allow this court properly to consider his claims, any petition which petitioner submits in the future should conform to the requirements of Local Rule 44(a), as set forth in the form provided by the court for use in habeas petitions.

### IV.

It appears that the Third Circuit has not addressed the issue of whether a habeas petitioner must pursue state post-conviction relief, rather than or in addition to a direct appeal, when the factual matters necessary to a determination of his claim do not appear on the face of the trial court record. Accordingly, there is probable cause for appeal.