**Keith M. SCOTT, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 18, 1999.

Decided Oct. 27, 1999.

Leonard N. Sosnov, Philadelphia, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before SMITH, J., PELLEGRINI, J., and RODGERS, Senior Judge.

PELLEGRINI, Judge.[1]

On remand from an order of the Supreme Court, Keith M. Scott (Scott) claims that his prior counsel was ineffective because he did not raise the issue that the search of his parents' home was illegal

---

1. This case was reassigned to the author on September 10, 1999.

under Article 1, Section 8 of the Pennsylvania Constitution.

This claim had its origin when Scott was paroled from a ten-to-twenty year prison sentence. One of the conditions of his parole was that he was to refrain from owning or possessing any firearms or other weapons. On September 4, 1993, a warrantless search was conducted of Scott's parents' home where he resided and several firearms[2] were found in his parents' living room. Finding that there was sufficient evidence to support, among other counts,[3] the three counts of possessing firearms, the Board recommitted Scott as a technical parole violator to serve the remainder of his sentence with 36 months of backtime. Scott appealed the recommitment order to the Board with his counsel arguing, *inter alia*, that the evidence obtained during the search of his parents' home should have been excluded under the Fourth Amendment to the United States Constitution because it was the product of an illegal search. Counsel for Scott also argued that even if the search was constitutional, no evidence existed to impute the firearms to him. The Board denied his appeal and Scott then appealed to this Court.

We reversed, holding that a parole residence was not subject to a warrantless search and that the search of Scott's parents' residence violated the Fourth Amendment. On appeal to the Pennsylvania Supreme Court, counsel for Scott only argued that the search was illegal under the Fourth Amendment to the United States Constitution and did not raise whether the search was also illegal under Article I, Section 8 of the Pennsylvania Constitution. Our Supreme Court affirmed, holding that it was unconstitutional under the Fourth Amendment to the United States Constitution. Retaining a new attorney to respond to the Board's appeal to the United States Supreme Court, Scott argued that his prior counsel was ineffective for failing to raise state constitutional grounds. The Supreme Court did not address that issue but reversed our Supreme Court, holding that parole boards were not required by federal law to exclude evidence obtained in violation of the Fourth Amendment when the officers conducting the illegal search knew of the prisoner's parolee status. *Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998). Scott's counsel then filed a petition on remand before our Supreme Court asking that the claim be affirmed on state constitutional grounds or, in the alternative, that it be remanded for this Court to hear that claim in the first instance. Our Supreme Court denied Scott's petition and remanded the case to us to address Scott's remaining issues that we did not previously address because we found the search to be unconstitutional.[4]

While this case was going up to the United States Supreme Court and back down to this court, Scott had served the 36 months of backtime and was re-paroled on

2. The weapons that were seized from Scott's parents' home included a Mossberg 12 gauge pump shotgun; a Glenfield 12 gauge bolt action shotgun; a Stevens 12 gauge single shotgun; a Glenfield .22 caliber semi-automatic; and a Green Camo–Colored Compound bow plus three arrows.

3. Scott was also found to be in violation of condition # 5C, refraining from assaultive behavior, and special condition # 7, not consuming alcohol under any condition or for any reason.

4. On November 9, 1998, the Pennsylvania Supreme Court entered the following order:

> The Petition on Remand for Affirmance of This Court's Judgment on State Constitutional Grounds is denied. The matter is remanded to the Commonwealth Court for disposition of Petitioner's remaining issues. The remaining issues were that the hearing examiner erred by allowing the introduction of hearsay evidence to support the violations; that the violations were not supported by substantial evidence; that Scott's recommitment for 36 months of backtime was not supported by substantial evidence and was without adequate justification; and that the notice of the hearing and charges for his preliminary and revocation hearings were improperly vague.

January 13, 1999. Despite the fact that he has served his backtime, in addition to his argument that there was not substantial evidence to support his recommitment, Scott argues on remand, as he did for the first time before the United States Supreme Court, that he received ineffective assistance of counsel relative to his recommitment. The Board counters by arguing that Scott should not be permitted to raise his ineffective assistance of counsel claim before this Court on remand because not only was it not one of the issues originally presented to the Court, but also this Court is confined by our Supreme Court's remand order to consider only those issues as delineated in its November 9, 1998 order.

■ The law is clear that we may only address what was remanded to us. *Haefele v. Davis*, 380 Pa. 94, 110 A.2d 233 (1955) (lower court is without power to modify, alter, amend, set aside, or in any manner disturb or depart from the judgment of the reviewing court as to matter decided on appeal). Here, our Supreme Court denied Scott's motion that we address the ineffective assistance of counsel based on failing to raise state constitutional claims, and specifically ordered this Court to address the remaining issues that Scott had initially raised – not any new issues, including ineffective assistance of counsel.

■ The reason, we presume, that our Supreme Court denied Scott's motion was because the proper procedure for raising the issue of ineffective assistance of counsel is to file a petition before the Board, even if the case is on appeal. The necessity of having the Board first consider the matter is that this court is not the

proper forum to first raise the issue. In *Commonwealth v. Lassiter*, 554 Pa. 586, 722 A.2d 657, 660 (Pa.1998), our Supreme Court set forth the standards regarding making a claim for ineffective assistance of counsel, stating:

> The standard of review for claims of ineffective assistance of counsel is well-settled in the Commonwealth. A criminal defendant sustains a claim of ineffectiveness of counsel by proving by a preponderance of the evidence: (1) that the underlying claim is of arguable merit; (2) that counsel's performance had no reasonable basis; and (3) that counsel's ineffectiveness worked to his prejudice. *Commonwealth v. LaCava*, 542 Pa. 160, 178, 666 A.2d 221, 229 (1995) (citing *Commonwealth v. Edmiston*, 535 Pa. 210, 237, 634 A.2d 1078, 1092 (1993)). Assuming appellant can establish counsel's ineffectiveness through the three-pronged test set forth above, appellant must then demonstrate under the [Post conviction Relief Act] that the ineffective assistance of counsel "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." [5]

■ As can be seen from this quote, claims of ineffective assistance of counsel can involve factual questions that cannot be determined on appeal and would have to be determined by the Board in the first instance. While this case appears to involve a purely legal issue, counsel could have had a reasonable basis for raising the issue only on federal constitutional grounds; otherwise *ipso facto*—if you do not raise a federal or state constitutional analog or vice versa—there is an automatic ineffective assistance of counsel.[6] The reasons why it was not presented should first

---

5. For purposes of ineffective assistance of counsel claims, "reasonable probability" that but for counsel's unprofessional errors, the result of the proceeding would have been different is a probability sufficient to undermine confidence in the outcome. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999).

6. Even if the claim underlying an ineffective assistance of counsel claim has merit, the defendant must still establish that the course of action chosen by counsel had no reasonable basis designed to effectuate his interests. *Commonwealth v. Burkholder*, 719 A.2d 346 (Pa. Superior Ct.1998).

be presented to the Board for fact-finding as well as addressing in the first instance whether Scott has been prejudiced by counsel's ineffectiveness. Even if it is conceded in this case that the claim is purely legal, that does not mean that this Court can hear the case in the first instance any more than we can hear a case involving a legal question that would otherwise be filed in a common pleas court.[7]

■ Because the case was remanded to this Court to only address issues stated in the remand order, and our Supreme Court specifically denied the request that this Court rather than the Board initially consider the claim of ineffective assistance of counsel, Scott was required to initially file with the Board a petition alleging ineffective assistance of counsel rather than this Court addressing the matter at the earliest stage of the proceeding where counsel, whose ineffectiveness is in question, no longer represents the parolee.

As to the consideration of the matters remanded to us, the Board now concedes that there was insufficient evidence to prove that Scott violated his parole by owning or possessing firearms.[8] Because the Board concedes that its revocation of parole was not supported by substantial evidence, the decision of the Board is reversed.

### ORDER

AND NOW, this 27th day of October, 1999, the order of the Pennsylvania Board of Probation and Parole, recommitting Keith M. Scott as a technical parole violator, is reversed.

SMITH, Judge, concurring.

I concur with my esteemed Colleagues' decision to reverse the order of the Board. However, I respectfully disagree with my Colleagues' conclusion that the ineffective assistance of counsel claim raised by the Petitioner Keith M. Scott is not properly before the Court at this time. I believe that the ineffective assistance claim is one of the remaining issues that was remanded to the Court for disposition by the Pennsylvania Supreme Court and that the Court has a duty to address it.

The Board mailed an order recommitting Keith M. Scott as a technical parole violator on June 16, 1994. On appeal this Court reversed the Board, holding that the Board erred in admitting evidence obtained during an illegal search of Scott's residence because the Fourth Amendment to the United States Constitution required exclusion of the tainted evidence. In light of this conclusion, the Court declined to address additional claims advanced by Scott in his appeal. *Scott v. Pennsylvania Board of Probation and Parole,* 668 A.2d 590 (Pa.Cmwlth.1995) (*Scott I* ). The Pennsylvania Supreme Court granted allocatur and affirmed this Court's order. *Scott v. Pennsylvania Board of Probation and Parole,* 548 Pa. 418, 698 A.2d 32 (1997) (*Scott II* ). The Supreme Court held that a parole officer who is aware or has reason

7. Requiring that the matter initially be heard by the Board is similar to the procedure used in criminal cases as mandated by 42 Pa.C.S. § 9542, commonly known as the Post Conviction Relief Act (Act), Act of May 13, 1982, P.L. 417, *as amended,* 42 Pa.C.S. § 9541–9546, where a petition for post-conviction relief claiming ineffective assistance of counsel may only be filed with the trial court which has original jurisdiction over the proceeding. 42 Pa.C.S. § 9545; *see all Commonwealth v. Cargo,* 498 Pa. 5, 444 A.2d 639 (1982).

8. The Board argues that Scott's case is moot because he has already served his backtime.

However, that fact does not moot his appeal because his maximum term does not expire until March 31, 2003, and the Board's determination that he violated his parole by possessing a firearm could have future consequences during the remainder of his period of supervision by the Board. *Johnson v. Pennsylvania Board of Probation and Parole,* 505 Pa. 569, 482 A.2d 235 (1984). While mootness is usually associated when events alter the underlying basis of the case, "winning" due to the Board conceding that its decision is not supported by substantial evidence is the ultimate mootness.

to be aware of a suspect's parole or probationary status must have reasonable suspicion of a parole violation before conducting a search; otherwise, the exclusionary rule will apply to the parole revocation hearing. *Id.*

In reaching its conclusion, the Supreme Court noted that although the Pennsylvania exclusionary rule serves a broader purpose than its federal counterpart, Scott had not raised a claim under the Pennsylvania Constitution, and accordingly the court's decision was premised solely on federal constitutional grounds. *Id.* The United States Supreme Court granted certiorari and thereafter reversed the Pennsylvania Supreme Court, holding that parole boards are not required by federal law to exclude evidence obtained in violation of the Fourth Amendment. *Pennsylvania Board of Probation and Parole v. Scott,* 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998) (*Scott III* ). The United States Supreme Court remanded the matter to the Pennsylvania Supreme Court, which then remanded to this Court to dispose of Scott's remaining issues. Scott now requests that this Court consider whether his former counsel provided ineffective assistance by failing to raise and preserve the issue of whether Article I, Section 8 of the Pennsylvania Constitution required suppression of the evidence obtained in the illegal search.

The majority suggests that Scott should not be permitted to raise his ineffective assistance of counsel claim before this Court on remand because it was not one of the issues which the Court declined to consider in *Scott I.* Scott's current counsel was retained after Scott's former counsel prevailed before the Pennsylvania Supreme Court on the Fourth Amendment exclusionary rule argument. When the United States Supreme Court remanded the matter to the Pennsylvania Supreme Court, Scott filed a petition before the Pennsylvania Supreme Court which raised his ineffective assistance claim. Thus Scott raised his ineffective assistance of

counsel claim at the first available opportunity when he was no longer represented by the attorney whose effectiveness is in question. It is well settled that an ineffective assistance of counsel claim is properly preserved in a parole revocation proceeding when it is raised at the earliest stage in the proceedings after the counsel whose effectiveness is in question no longer represents the parolee. *Vereen v. Pennsylvania Board of Probation and Parole,* 101 Pa.Cmwlth. 63, 515 A.2d 637 (1986). Therefore, Scott's claim was properly preserved.

In opposition to Scott's petition, the Board argued, in the alternative, that the matter should be remanded for this Court to hear the ineffective assistance claim in the first instance, and the Pennsylvania Supreme Court then remanded the matter to this Court. The Supreme Court's remand order was not limited to disposition of the issues which the Court declined to consider in its November 30, 1995 opinion and order as the majority suggests. Rather, the Supreme Court merely refused Scott's request for that court to affirm Scott's claims on state constitutional grounds. The court thereupon remanded the matter to this Court "for disposition of Petitioner's remaining issues." Because Scott's ineffective assistance of counsel claim was properly preserved, it is one of the remaining viable issues in this case, and therefore it is encompassed by the Supreme Court's remand order. This result is particularly clear in light of the Board's argument before the Supreme Court that the ineffective assistance claim should be remanded to this Court for disposition. All other issues have been conceded by the Board or waived by Scott.

The majority next suggests that the Court cannot consider the ineffective assistance claim because the question of whether Scott's counsel had a reasonable basis designed to effectuate Scott's interests must first be considered by the Board, even if the question is purely legal. However, there is a plethora of case precedent

in which Pennsylvania appellate courts have resolved that issue in ineffective assistance claims raised for the first time on appeal. *See, e.g., Commonwealth v. Wayne*, 553 Pa. 614, 720 A.2d 456 (1998), *cert. denied*, —— U.S. ——, 120 S.Ct. 94, —— L.Ed.2d —— (1999) (finding no reasonable basis for a counsel's action in an ineffective assistance of counsel claim raised for the first time before the Pennsylvania Supreme Court); *Commonwealth v. Ervin*, 456 Pa.Super. 782, 789, 691 A.2d 966, 970 (1997) ("When the certified record is sufficient to permit us to review an ineffectiveness claim raised for the first time on direct appeal, we need not remand for an evidentiary hearing."); *Vereen* (vacating the Board's revocation order and remanding for a new hearing where the petitioner established ineffective assistance of counsel in a claim raised for the first time on appeal to this Court).

Moreover, if the question required additional factual findings for resolution, the proper procedure would be to remand the matter to the fact finder for the necessary findings rather than to fail to address the claim. *Commonwealth v. Davis*, 499 Pa. 282, 453 A.2d 309 (1982) (remanding for an evidentiary hearing where the record was insufficient for the court to determine whether counsel had some reasonable basis designed to effectuate the client's interests). However, like the Pennsylvania Superior Court, I can conceive of no reasonable basis upon which a counsel could assert a Fourth Amendment claim without likewise asserting the client's rights under Article 1, Section 8 of the Pennsylvania Constitution, and thus I discern no basis for a remand for factual findings. *See Commonwealth v. Kilgore*, 719 A.2d 754 (Pa.Super.1998). Accordingly, I respectfully concur in the result.