**Michael BROWN, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 31, 2003.

Decided April 9, 2003.

Robert M. Buttner, Scranton, for petitioner.

Tara L. Patterson, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, COHN, Judge and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Michael Brown (Brown) petitions for review from the June 27, 2002 order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief of a Board order recommitting him to serve fifteen months backtime as a technical parole violator.

We reverse and remand for a new revocation hearing.

On September 28, 1993, Brown was sentenced to a term of incarceration of one year, six months to ten years for delivery of a controlled substance. After serving his minimum sentence, Brown was paroled on March 28, 1995.

On May 24, 1999, Brown was arrested on new criminal charges, which were ultimately withdrawn. However, at that same time, Brown was charged with violating Condition 5A of his parole (prohibition against use of drugs). Following a revocation hearing, he was then recommitted to serve six months backtime as a technical parole violator.

Brown was paroled again on April 27, 2000. As a condition of his parole, Brown was required to comply with all federal, state and local laws and to refrain from the use of drugs (Conditions 4 and 5A, respectively). In November of 2001, Brown was arrested for theft by failure to make required disposition of funds received.

Accordingly, on December 6, 2001, the Board issued a Notice of Charges and Hearings, charging Brown with violating Condition 5A of his parole. Prior to the Board's revocation hearing, Brown pled guilty to theft by failure to make required disposition of funds received. He received a thirty-day suspended sentence and was ordered to pay fines and restitution.

The Board then issued a second Notice of Charges alleging that Brown was in violation of Conditions 4 and 5A of his parole. On March 18, 2002, a revocation hearing was held before a hearing examiner. As a result of that hearing, the Board recommitted Brown to serve fifteen months backtime as a technical parole violator. The Board subsequently denied Brown's request for administrative relief.

In this appeal, Brown maintains that he unknowingly and involuntarily waived his right to a violation hearing and that his prior counsel was ineffective. On review, we are limited to determining whether the Board's necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365 (Pa. Cmwlth.1996).

The underlying basis of Brown's arguments is that his prior counsel and the parole agent agreed that Brown would be recommended for the Residential Substance Abuse Treatment program (RSAT), would not receive backtime in excess of six to nine months, and that the charge of a violation of Condition 4 of his parole would not be pursued.

The testimony of Brown and his parole agent, as well as an affidavit from prior counsel, reveal that in order to be considered for the RSAT program, Brown had to admit to a violation of Condition 5A of his parole. In exchange for admitting to that violation, the parole agent agreed that a violation of Condition 4 would not be pursued. Although we agree that the Board has the ultimate discretion in parole matters and is not obligated to accept the recommendations of its parole agents, *see* Section 17, 19, 21 and 21.1 of the Parole Act;[1] *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa.Cmwlth. 49, 484 A.2d 413 (1984), it was based upon those circumstances that Brown agreed to admit to violating his parole.

The Board was fully aware that Brown agreed to admit to a violation of Condition 5A of his parole in consideration of placement into the RSAT program. Brown's parole officer offered the following testimony at the Board's March 7, 2002 hearing:

I had a conversation with [Brown's counsel] Tuesday morning, and he was under the impression that we were going to come in here today and [Brown] would've already admitted all the violations and the [RSAT] application would've been completed, he would've been placed. However, I told him Tuesday morning that at that point when Mr. Long [the parole agent's supervisor] interviewed [Brown] here he didn't admit to the violations. And because he didn't admit any marijuana use Mr. Long didn't recommend the program....

(R.R. 42a) Brown offered that "he [prior counsel] said to admit to what's in the violation and I would be sent [to RSAT]" (R.R. 43a)

Once the Board decided not to follow the parole agent's recommendation, the Board should have vacated Brown's guilty pleas and held a full hearing, whereupon the Commonwealth would be required to demonstrate that Brown committed both technical violations. Thus, because Brown admitted to violations with the understanding that he would be placed in the RSAT program, we conclude that he did not knowingly and voluntarily waive his right to a hearing before the Board.

Moreover, prior counsel was ineffective when he allowed Brown to admit to a violation of Condition 4 of his parole, knowing that pursuant to the negotiated agreement with Brown's parole agent, the violation was not to be pursued.

The standard of review for claims of ineffective assistance of counsel is well-settled in the Commonwealth. A criminal defendant sustains a claim of ineffectiveness of counsel by proving by a preponderance of the evidence: (1) that the

---

1. Act of August 6, 1941, P.L. 861.

underlying claim is of arguable merit; (2) that counsel's performance had no reasonable basis; and (3) that counsel's ineffectiveness worked to his prejudice. *Scott v. Pennsylvania Board of Probation and Parole,* 739 A.2d 1142, 1145 (Pa. Cmwlth.1999) (quoting *Commonwealth v. Lassiter,* 554 Pa. 586, 592, 722 A.2d 657, 660 (1998)) (citations omitted). "Even if the claim underlying an ineffective assistance of counsel claim has merit, the defendant must still establish that the course of action chosen by counsel had no reasonable basis designed to effectuate his interests." *Scott,* 739 A.2d at 1145, n. 6.

Clearly, prior counsel's actions worked to prejudice Brown. Had prior counsel objected to Brown's guilty plea to a violation of Condition 4, the Board could not have imposed fifteen months backtime.

Section 75.4 of the Board's regulations, 37 Pa.Code § 75.4, sets forth the presumptive recommitment ranges for single and multiple violations. The range for multiple violations of Conditions 4 and 5A of parole is six to eighteen months, and the Board's recommitment order of fifteen months falls within that range. *Id.* However, had Brown only admitted to violating Condition 5A as agreed, the Board would have been limited to recommitting Brown to serve five to twelve months backtime. *Id.*

Based on the foregoing, we conclude that Brown did not knowingly and voluntarily waive his right to a revocation hearing and that he received ineffective assistance of counsel. Therefore, we reverse the Board's order and remand for a new revocation hearing on the allegations that Brown technically violated the conditions of his parole.

### *ORDER*

AND NOW, this 9th day of April, 2003, the June 27, 2002 order of the Pennsylvania Board of Probation and Parole is RE-VERSED and the matter is REMANDED to the Board for a new revocation hearing within 45 days of this Order on Petitioner Brown's alleged technical violations of his parole.

Jurisdiction relinquished.