# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clarence Jack Kirk, : 
             Petitioner : 
             : 
      v. : No. 275 C.D. 2018
             : SUBMITTED: November 24, 2021
Pennsylvania Board of Probation : 
and Parole, : 
            Respondent : 


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED: January 10, 2022**


Petitioner, Clarence Jack Kirk, petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board),[1] which denied and dismissed his administrative appeal challenging the recalculation of his parole violation maximum sentence date as untimely. In addition, Petitioner's counsel, Sandra M. Stepkovitch, Esquire, and Donna M. DeVita, Esquire (collectively, Counsel), of the Lackawanna County Public Defender's Office,[2] petition for leave to withdraw as

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

[2] Petitioner initially filed a *pro se* petition for review in this matter, after which this Court appointed the Public Defender of Greene County to represent Petitioner. Harry J. Cancelmi, Jr. entered his appearance on Petitioner's behalf on April 16, 2018. This Court later determined that Petitioner was on parole in Lackawanna County, and, therefore, we struck Mr. Cancelmi's
**(Footnote continued on next page…)**

counsel, asserting that Petitioner's appeal is frivolous. After review, we grant Counsel's application and affirm the Board's January 26, 2018 order.

In 2010, Petitioner received an aggregate sentence of 4 years, 1 month, and 15 days to 11 years for burglary (2 counts) with a maximum sentence date of January 6, 2020. (Certified Record "C.R." at 1.) On February 28, 2013, Petitioner was released on parole to an approved home plan. (*Id.* at 10-11.)

On April 12, 2016, Petitioner was charged with home improvement fraud, deceptive business practices, and theft by deception in Lackawanna County for events that occurred beginning in June 2015.[3] (C.R. at 14-20, 61-66.) On April 28, 2016, the Board issued a detainer warrant, and Petitioner was arrested by Lackawanna County Detectives the same day. (*Id.* at 21-22, 25). The Lackawanna County Court of Common Pleas set bail at $50,000, which Petitioner did not post, and he thereafter remained in custody on both the new charges and the Board's detainer. (*Id.* at 25, 31, 62.) On November 7, 2016, Petitioner pled guilty to deceptive business practices in the Lackawanna County Court of Common Pleas. (*Id.* at 50-53, 62.) The remaining charge(s) were nolle prossed. (*Id.*) As a result of his guilty plea to deceptive business practices, the Board commenced revocation proceedings, and a hearing examiner and Board member recommended that Petitioner be recommitted as a convicted parole violator for six months, when available, pending sentencing. (*Id.* at 35-44.)

On November 30, 2016, Petitioner was charged with home improvement fraud, theft by deception – false impression, and theft by deception –

---

appearance on March 16, 2021, and appointed the Public Defender of Lackawanna County to represent Petitioner in this case. Donna M. DeVita, Esquire, and Sandra M. Stepkovitch, Esquire, both Assistant Public Defenders in Lackawanna County, entered their appearances on Petitioner's behalf on April 14, 2021.

[3] These charges were docketed at No. CP-35-CR-0001083-2016. (C.R. at 14-20, 61-66.)

fail to correct, stemming from a separate set of events that occurred in July 2016.[4] (C.R. at 55-60.) The Board issued another warrant to commit and detain Petitioner on the same day. (*Id.* at 54.) Bail was set at $5,000, and was not posted. (*Id.* at 70, 90.)

On December 20, 2016, Petitioner was sentenced in Lackawanna County to 11 to 24 months in a state correctional institution for the deceptive business practices charge. (C.R. at 50-53, 62.) Thereafter, on January 27, 2017, Petitioner pled guilty to theft by deception – false impression, and was sentenced to 2 years of probation to run concurrent with his previous 11- to 24-month sentence. (*Id.* at 84, 91.) The residual charges were nolle prossed. (*Id.*)

On February 1, 2017, and due to his conviction for deceptive business practices, the Board recommitted Petitioner as a convicted parole violator to serve six months of backtime, when available, pending resolution of his outstanding criminal charges and return to a state correctional institution. (C.R. at 68-69, 75-83.) Due to Petitioner's subsequent conviction for theft by deception, the Board again recommitted Petitioner as a convicted parole violator to serve another six months of backtime concurrently, for a total of six months of backtime, by decision mailed on April 25, 2017.[5] (*Id.* at 96-97.) The Board recalculated Petitioner's maximum sentence date as October 28, 2023. (*Id.* at 98-99.)

---

[4] These charges were docketed at No. CP-35-0002855-2016. (C.R. at 55-60, 90-94.)

[5] We note that several years have elapsed since the Board's decision that revoked Petitioner's parole and ordered him to serve backtime, as well as the fact that Petitioner is no longer incarcerated within our Commonwealth's prison system. *See Inmate/Parolee Locator*, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited Dec. 1, 2021); *see also* Order to Release on Parole, (C.R. at 112-17). It appears that Petitioner was paroled from his 6-month backtime sentence to a state detainer sentence in 2018, i.e., to begin serving the 11- to 24-month sentence he received for deceptive business practices. (*Id.* at 114-15.) Despite that he is now serving another sentence, this matter is not moot because Petitioner's maximum sentence date on his **(Footnote continued on next page…)**

Petitioner mailed a *pro se* administrative remedies form to the Board on June 5, 2017, contending that the Board erred in failing to award credit against his original sentence for time spent at liberty on parole and incorrectly recalculated his maximum sentence date on that basis. (C.R. at 100-04.) He also alleged that the Board lacked the power to alter his original judicially imposed sentence, and further claimed that the Board committed various constitutional violations. (*Id.*)

By decision mailed on January 26, 2018, the Board denied and dismissed Petitioner's administrative appeal of the Board's April 25, 2017 decision as untimely. (C.R. at 105-06.) The Board also briefly explained its authority to recalculate Petitioner's maximum sentence date without credit for time at liberty on parole based on its recommitment of him as a convicted parole violator, that Petitioner was aware of such penalty, and that the Board's recalculation therefore did not violate any constitutional provisions. The present appeal followed, and Counsel subsequently filed a renewed application for leave to withdraw as counsel, along with an amended *Anders* brief,[6] asserting that Petitioner's administrative appeal was untimely filed with the Board and, alternatively, that Petitioner's claims on the merits are frivolous.[7]

---

original sentence is October 28, 2023, and "as a parolee, [Petitioner] remains under the custody and control of the Commonwealth and subject to future recommitment for the duration of his original sentence." *Johnson v. Pa. Bd. of Prob. & Parole*, 482 A.2d 235, 236 (Pa. 1984) (stating that case was not moot where the petitioner was released on parole, but, as a parolee, he remained under the custody and supervision of the state for the duration of his original sentence).

[6] *Anders v. California*, 386 U.S. 738 (1967).

[7] By order dated October 7, 2021, this Court denied Counsel's prior application to withdraw as counsel without prejudice because it failed to address the jurisdictional issue decided by the Board concerning the timeliness of Petitioner's administrative appeal. Counsel thereafter filed a renewed application to withdraw as counsel and an amended *Anders* brief. Thus, we consider the matter based upon Counsel's November 5, 2021 renewed application to withdraw and amended *Anders* brief.

4

As an initial matter, we must address Counsel's application for leave to withdraw and determine whether they have satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, the following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) [s]he must notify [the] parolee of [the] request to withdraw; (2) [s]he must furnish [the] parolee with a copy of an *Anders* [*v. California*, 386 U.S. 738 (1967),] brief or no-merit letter; and (3) [s]he must advise [the] parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

*Banks v. Pa. Bd. of Prob. & Parole*, 827 A.2d 1245 (Pa. Cmwlth. 2003) (footnote omitted). Further, "[c]ounsel's brief or no-merit letter must set forth: (1) the nature and extent of h[er] review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous." *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted).

Upon review of Counsel's application and accompanying *Anders* brief, it is clear that they satisfied both the procedural and substantive requirements necessary to withdraw as appointed counsel. With regard to the procedural requirements, Counsel: (1) notified Petitioner of their request to withdraw as appointed counsel; (2) furnished Petitioner with a copy of Counsel's application to withdraw and *Anders* brief; and (3) advised Petitioner of the right to retain new counsel or raise any new points that Petitioner might deem worthy of consideration by this Court. Further, in their *Anders* brief, Counsel have set forth: (1) the nature

of their review of the case; (2) the issues that Petitioner sought to raise in his petition for review; and (3) an explanation as to why Counsel believed that each issue was frivolous. Counsel also specifically addressed the jurisdictional issue decided by the Board concerning the timeliness of Petitioner's administrative appeal, as directed by this Court's October 7, 2021 order. Accordingly, we conclude that Counsel has fully complied with the procedural and substantive requirements for withdrawal as counsel.

Before we can address the merits of the petition for review, however, we must first consider the jurisdictional issue regarding the timeliness of Petitioner's administrative appeal,[8] which Counsel have addressed in their *Anders* brief. The Board's regulations provide that administrative appeals and petitions for administrative review of a Board decision relating to parole revocation must be received within 30 days of the mailing date of the Board's order. 37 Pa. Code § 73.1(a)(1), (b)(1); *see also* 61 Pa.C.S. § 6113(d)(1); *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). Further, second or subsequent appeals or petitions for administrative review and those that are out of time under these rules will not be received. 37 Pa. Code § 73.1(a)(4), (b)(3). In cases involving *pro se* filings by incarcerated individuals, we consider the applicability of the prisoner mailbox rule, which provides that a *pro se* legal document is deemed to be filed on the date it is delivered to the proper prison authority or deposited in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). The rule focuses on the litigant's placing the document in the hands of the appropriate

---

[8] The failure to file a timely administrative appeal deprives the Board of jurisdiction to entertain the appeal and, thus, warrants dismissal. *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 (Pa. Cmwlth. 2021) [citing *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993)].

office or officer rather than actual receipt of the document, and a prisoner bears the burden of establishing compliance with the rule. *Id.*; *Sweesy v. Pa. Bd. of Prob. & Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008). A prisoner may meet this burden by providing "any reasonably verifiable evidence of the date that the prisoner deposits the appeal," including "certificates of mailing, cash slips, affidavits, [or] prison operating procedures." *Sweesy*, 955 A.2d at 503. A late-filed appeal may be considered *nunc pro tunc*, however, "if the delay in filing was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process or non-negligent circumstances related to the [petitioner], his attorney, or a third party." *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 n.5 (Pa. Cmwlth. 2021) [citing *Criss v. Wise*, 781 A.2d 1156 (Pa. 2001); and *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130 (Pa. 1996)].

As described above, Petitioner filed his administrative appeal on June 5, 2017, which is more than 30 days after the Board mailed its recommitment decision on April 25, 2017. (C.R. at 96-97, 104.) In their *Anders* brief, Counsel aver that they consulted with Petitioner to discuss the timeliness of his administrative appeal, and that Petitioner informed Counsel that he believes he submitted his administrative appeal to prison officials on the date he signed the administrative appeal document, which was May 24, 2017. (Am. *Anders* Br. at 8.) According to Counsel, Petitioner cannot recall whether he received a receipt from prison officials, and he does not have any documented proof of the date he delivered his appeal to prison officials for mailing. (*Id.*) Petitioner also indicated to Counsel that he had no control over the timely mailing of the administrative appeal, and thus, that he believes the prisoner mailbox rule should apply here even though he cannot supply proof of when his administrative appeal was mailed. (*Id.* at 11.)

Here, the Board's recommitment order bears a mailing date of April 25, 2017. (C.R. at 96-97.) The certified record in this matter also reflects that Petitioner's administrative appeal was postmarked on June 5, 2017, (*see id.* at 104), and thus, was deemed filed on that date pursuant to the prisoner mailbox rule. Because Petitioner filed his administrative appeal of the Board's decision beyond the 30-day statutory appeal period, Petitioner has not provided any other evidence to Counsel indicating that he timely mailed his administrative appeal to the Board, and there is no allegation regarding fraud or a breakdown in operations with respect to the timeliness of its filing, the Board properly dismissed Petitioner's appeal as untimely.

Thus, we are constrained to hold that all the assignments of error in Petitioner's administrative appeal and petition for review[9] are waived. Counsel's application for leave to withdraw as counsel, which asserts that the issues raised in the petition for review are without merit, is therefore granted, and the Board's order is affirmed.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[9] In his petition for review, Petitioner also failed to state any reason for his delay in filing his administrative appeal.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clarence Jack Kirk,             :

          Petitioner       :

                             :

          v.               :    No. 275 C.D. 2018

                             :

Pennsylvania Board of Probation  :

and Parole,                :

          Respondent   :

## **O R D E R**

AND NOW, this 10th day of January, 2022, the application for leave to withdraw as counsel, filed by Sandra M. Stepkovitch, Esquire, and Donna M. DeVita, Esquire, is GRANTED, and the order of the Pennsylvania Board of Probation and Parole, dated January 26, 2018, is AFFIRMED.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita